On December 2, 1994, First Alabama Bank filed an action against Steve McGowan, alleging that he had failed to pay amounts owed on a "note modification agreement." McGowan answered, admitting that he had signed the agreement but denying that he owed the amount claimed by First Alabama. First Alabama moved for a summary judgment. The trial court scheduled a hearing for March 1995 on First Alabama's motion for a summary judgment; that hearing was later continued until a date in April 1995.
The record on appeal does not indicate whether the hearing actually took place. According to the record, the next action taken by the trial court occurred on March 6, 1996, when a notation was entered on the case action summary sheet stating that the action would be dismissed within 30 days "unless significant action [is] filed." On May 7, 1996, the trial court dismissed the action for failure to prosecute.
Approximately 35 months later, on March 29, 1999, First Alabama filed a motion to reinstate the action, pursuant to Rule 60(b), Ala.R.Civ.P. In that motion, First Alabama claimed that the trial court had conducted a summary judgment hearing on May 5, 1995, and that McGowan had failed to appear at that hearing. Therefore, First Alabama argued, the action was erroneously dismissed "without a summary judgment being entered in [First Alabama's] favor."
On that same date, March 29, 1999, the trial court entered an order reinstating the action, entering a judgment in favor of First Alabama, and awarding damages on that judgment.
Rule 60(b), Ala.R.Civ.P., provides in part that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding." That rule also provides that a court may entertain an independent action brought within a reasonable time, not to exceed three years, to relieve a party from a judgment. Rule 60(b), Ala.R.Civ.P. There is only an immaterial procedural difference between the relief sought pursuant to Rule 60(b) and the relief sought in an independent action. Committee Comments to Rule 60(b), Ala.R.Civ.P. (citing Hadden v. Rumsey Prods., 196 F.2d 92 (2d Cir. 1952); 7 Moore's Federal Practice, § 60.38(3) (2d ed. 1971)).
First Alabama filed its Rule 60(b) motion seeking relief from the judgment of dismissal within three years of that judgment. Thus, the trial court had jurisdiction to consider First Alabama's motion seeking relief from the May 1996 judgment. In ruling on that motion, the trial court was to determine whether, given the circumstances of the case, the motion was filed within a "reasonable time" from the judgment from which relief was sought and whether the grounds asserted in that motion were meritorious.
The trial court entered a new judgment on March 29, 1999, granting First Alabama's motion to reinstate its action against McGowan. On April 19, 1999, McGowan filed a motion, pursuant to Rule 59(e), Ala.R.Civ.P., to set aside that new judgment. A postjudgment motion made pursuant to Rule 59 is considered denied by operation of law if the trial court fails to rule on that motion within 90 days. Rule 59.1, Ala.R.Civ.P. The 90th day after the filing of McGowan's postjudgment motion *Page 1118 
was Sunday, July 18, 1999; therefore, Monday, July 19, 1999, was the last day on which the trial court had jurisdiction to rule on McGowan's postjudgment motion. See Rule 6(a), Ala.R.Civ.P.
The trial court purported to rule on McGowan's postjudgment motion on July 30, 1999 — 102 days after that motion was filed. When the trial court purported to rule on McGowan's motion, it had already been denied by operation of law, pursuant to Rule 59.1. After McGowan's motion had been pending for more than 90 days, the trial court lost jurisdiction to rule on that motion. Rule 59.1, Ala.R.Civ.P.; Ex parte Hornsby, 663 So.2d 966 (Ala. 1995). The trial court did not have jurisdiction over the action when it entered its July 30, 1999, "judgment" in which it purported to set aside the March 29, 1999, judgment. Thus, the July 30, 1999 "judgment" was void for lack of jurisdiction.
We note that on August 30, 1999, First Alabama filed a motion purportedly made pursuant to Rule 59(e), Ala.R.Civ.P., seeking to set aside the July 30, 1999, "judgment." The trial court denied that motion and First Alabama appealed that denial.
The trial court's July 30, 1999, "judgment" was void for want of jurisdiction. The final judgment in this action was entered on March 29, 1999. Neither party timely appealed from that judgment. This appeal, taken from the void judgment of July 30, 1999, would be untimely as an appeal from the March 29, 1999, judgment. "An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Rule 2(a)(1), Ala.R.App.P. We conclude that the trial court did not have jurisdiction to enter the judgment from which First Alabama appeals; thus, we dismiss the appeal.
The appellee's request for an attorney fee is denied.
DISMISSED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.