Douglas Robbins, the former husband, appeals from a judgment entered by the Crenshaw Circuit Court dismissing his "Petition to Modify Divorce Decree and for Rule Nisi Contempt" filed against Paula Robbins, the former wife. The former husband's petition sought a termination of his periodic-alimony obligation to the former wife and requested that the trial court order the former wife to turn over certain items of personal property that had been awarded to him in the divorce judgment. We dismiss the appeal for lack of jurisdiction.
The trial court entered the judgment dismissing the former husband's petition on August 11, 2005. The former husband filed a "Motion to Vacate Judgment" on September 1, 2005 (see Rule 59(e), Ala. R. Civ. P.), and the former wife filed a response to that motion on September 13, 2005. The trial court subsequently entered an order on October 4, 2005, setting the former husband's postjudgment motion for a hearing on November 15, 2005. Thereafter, on November 8, 2005, "[d]ue to an irresolvable conflict," the trial court entered an order continuing the hearing until December 20, 2005. On December 20, 2005, the trial court made the following entry on the case-action-summary sheet: "Motion to Vacate Judgment denied by operation of law." The former husband appeals.
Neither party has raised an issue relating to the timeliness of the former husband's appeal; however, this court has held that "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex meromotu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210,211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)). The timely filing of a notice of appeal is a jurisdictional act. Rudd v. Rudd,467 So.2d 964, 965 (Ala.Civ.App. 1985).
Subject to certain exceptions that are not applicable in this case, Rule 4(a)(1), Ala. R.App. P., requires that in all cases in which an appeal is permitted, the notice of appeal shall be filed within 42 days of the entry of the judgment or order appealed from. Rule 4(a)(3), Ala. R.App. P., provides that a postjudgment motion filed pursuant to Rule 59, Ala. R. Civ. P., will suspend the time for filing a notice of appeal until (1) the date such motion is granted or denied or (2) the date the motion is deemed denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P.
Rule 59.1, Ala. R. Civ. P., states:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment *Page 1072 
would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof shall constitute a denial of such motion as of the date of the expiration of the period."
(Emphasis added.)
A trial court loses jurisdiction to rule on a postjudgment motion if it does not rule on the motion within the time prescribed by Rule 59.1. See Ex parte Caterpillar,Inc., 708 So.2d 142, 143 (Ala. 1997).
The former husband's post-judgment motion was filed on September 1, 2005. The trial court did not enter an order granting or denying the post-judgment motion within the 90-day period set forth in Rule 59.1 and the motion was therefore deemed denied by operation of law on November 30, 2005.
The former husband had 42 days from the date that his postjudgment motion was denied by operation of law to file a notice of appeal. The final date on which the former husband could have filed an effective notice of appeal was January 11, 2006. He filed his notice of appeal on January 13, 2006. Rule 2(a)(1), Ala. R.App. P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." We have concluded that the former husband's appeal is untimely; therefore, we dismiss the appeal.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.