THOMAS, Judge.
 

 This appeal arises from the contest of the will of Hazel Cole Francis by her next of kin, John Lollar and Jeanie Lollar (sometimes hereinafter collectively referred to as the “Lollars”). Leo L. Williams (“Leo”) was the proponent of the will and sought to have the will probated in the Jefferson County Probate Court (“the probate court”). During the pendency of the probate proceedings, Leo died intestate, and his son, Barry L. Williams (“Williams”), was substituted as the proponent of the will in his capacity as the personal representative of his father’s estate. In the probate court, the Lollars successfully contested the will. Williams appealed to the Jefferson Circuit Court (“the circuit court”). The circuit court affirmed the judgment of the probate court, and this appeal followed.
 

 Procedural History
 

 On April 27, 2004, Leo filed a petition to probate the will of Hazel Cole Francis in the probate court. That petition named the Lollars, a niece and a nephew of Francis, as Francis’s next of kin. On July 13, 2004, the Lollars filed a petition to contest Francis’s will, asserting, among other things, that Leo had exercised undue influence upon Francis in procuring the will. On August 9, 2004, Leo answered and
 
 *320
 
 denied the material allegations of the Lol-lars’ petition. Leo died intestate on February 13, 2005. On March 10, 2005, Williams, Leo’s son and the personal representative of Leo’s estate, moved the probate court to substitute him as the proponent of Francis’s will. On July 21, 2005, the probate court substituted Williams, in his capacity as personal representative of Leo’s estate, as the proponent of Francis’s will.
 

 On December 30, 2005, the probate court entered a judgment denying the petition to probate Francis’s will. After hearing ore tenus testimony and admitting documentary evidence, the probate court concluded that Leo had exercised undue influence over Francis and had compelled her to execute her will and leave to him substantially all of her estate.
 

 On January 30, 2006, 31 days after the entry of the probate court’s judgment, Williams timely filed a postjudgment motion.
 
 [1]
 

 See
 
 Rule 59, Ala. R. Civ. P. That motion alleged that the probate court’s conclusion that there was a confidential relationship between Leo and Francis was contrary to the law because the probate court did not identify the specific facts that constituted the confidential relationship. The motion also alleges that the probate court erred because there was insufficient evidence indicating that Leo had exercised undue influence over Francis. Williams’s postjudgment motion was denied by operation of law on May 1, 2006.
 
 [2]
 

 See
 
 Rule 59.1, Ala. R. Civ. P.
 

 On June 20, 2006, after Williams’s post-judgment motion had been denied by operation of law, the probate court purported to deny Williams’s postjudgment motion. On July 26, 2006, Williams filed a notice of appeal to the circuit court. On September 11, 2006, the probate court certified the record of its proceedings to the circuit court.
 

 On July 6, 2007, Williams moved the circuit court to enter a summary judgment in his favor. On July 9, 2007, the Lollars filed a motion to dismiss the appeal based upon § 12-22-21(2),
 
 [3]
 
 Ala.Code 1975. On July 11, 2007, the Lollars amended then-motion to dismiss the appeal, arguing that Williams’s notice of appeal had been un
 
 *321
 
 timely filed pursuant to § 12-22-21(1), Ala.Code 1975, which provides a 42-day period for filing a notice of appeal to the circuit court from a “judgment or order on a contest as to the validity of a will.” The Lollars further argued that, even if Williams’s postjudgment motion had operated to extend the time for filing his notice of an appeal, his notice of appeal was still untimely. Williams’s postjudgment motion was denied by operation of law on May 1, 2006; therefore, Monday, June 12, 2006, was the last day for Williams to file an effective notice of appeal. Williams did not file his notice of appeal until July 26, 2006. The circuit court denied Williams’s motion for a summary judgment and denied the Lollars’ motion to dismiss and their amended motion to dismiss.
 

 On October 24, 2007, the circuit court entered a judgment affirming the judgment of the probate court. On December 3, 2007, Williams appealed to the supreme court. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Analysis
 

 In
 
 McGallagher v. Estate of DeGeer,
 
 934 So.2d 391, 399 n. 2 (Ala.Civ.App.2005), this court noted:
 

 “Rules 59, 59.1, and 60 of the Alabama Rules of Civil Procedure apply in probate court proceedings pursuant to § 12-13-12, Ala.Code 1975.
 
 See Reneke v. Reneke,
 
 897 So.2d 1101, 1106 (Ala.Civ.App.2003); and
 
 In re Morrison,
 
 388 So.2d 1014, 1015 (Ala.Civ.App.1980).”
 

 Section 12-22-21(1), Ala.Code 1975, provides:
 

 “Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or Supreme Court in the cases hereinafter specified. Appeals to the Supreme Court shall be governed by the Alabama Rules of Appellate Procedure, including the time for taking an appeal. Appeal to the circuit court in such cases shall be within the time hereinafter specified:
 

 “(1) From the decree, judgment or order on a contest as to the validity of a will, to be taken within 42 days after the determination of the contest.”
 

 The timely filing of a notice of appeal is a jurisdictional act.
 
 Kennedy v. Merriman,
 
 963 So.2d 86, 88 (Ala.Civ.App.2007) (quoting
 
 Rudd v. Rudd,
 
 467 So.2d 964, 965 (Ala.Civ.App.1985)). “[A]n untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived.”
 
 Parker v. Parker,
 
 946 So.2d 480, 485 (Ala.Civ.App.2006).
 

 The last day that Williams could have filed an effective notice of appeal from the probate court’s judgment was June 12, 2006. Williams did not file his notice of appeal until July 26, 2006. Because Williams did not timely file his notice of appeal, the circuit court lacked subject-matter jurisdiction to review the case, and its judgment affirming the probate court’s judgment is void.
 
 Flannigan v. Jordan,
 
 871 So.2d 767, 770 (Ala.2003); and
 
 Lovette v. Springer,
 
 444 So.2d 850, 851 (Ala.1984). Therefore, the appeal to this court from a void judgment is due to be dismissed.
 
 Lo-vette v. Springer,
 
 supra.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . January 29,
 
 2006,
 
 the 30th day after the filing of the postjudgment motion, was a Sunday. Thus, the motion was timely filed on "the next day which is not a Saturday, a Sunday, or a legal holiday,”
 
 i.e.,
 
 Monday, January 30, 2006.
 
 See
 
 Rule 6(a), Ala. R. Civ. P.
 

 [2]
 

 . April 30, 2006, the 90th day after the filing of the postjudgment motion, was a Sunday. Therefore, the motion was deemed denied on May 1, 2006, which was the following Monday.
 
 See Richburg v. Cromwell,
 
 428 So.2d 621 (Ala.1983), and
 
 First Alabama Bank v. McGowan,
 
 758 So.2d 1116 (Ala.Civ.App.2000).
 

 [3]
 

 . Although it is inapplicable to the present appeal, § 12-22-21(2), Ala.Code 1975, provides:
 

 "Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or Supreme Court in the cases hereinafter specified. Appeals to the Supreme Court shall be governed by the Alabama Rules of Appellate Procedure, including the time for taking an appeal. Appeal to the circuit court in such cases shall be within the time hereinafter specified:
 

 [[Image here]]
 

 "(2) From the decree, judgment or order on an application claiming the right to execute a will or administer an estate, to be taken within 42 days after the hearing and decision of such application, unless the application was denied because the applicant was deemed unfit to serve by reason of a conviction of an infamous crime or by reason of improvidence, intemperance or want of understanding, in which case the appeal must be taken within seven days from the denial of the application.”