THOMPSON, Presiding Judge.
 

 In the summer of 2004, Robert L. El-dridge (“Robert”) became ill and unable to take care of his finances. His wife, Betty G. Eldridge (“Betty”), moved the Autauga Probate Court (“the probate court”) to appoint her as the conservator of Robert’s estate. Robert’s children, Rebecca El-dridge (“Rebecca”) and Martin Eldridge (“Martin”), did not object to Betty serving as conservator. Accordingly, on August 31, 2004, the probate court entered a temporary order granting Betty letters of con-servatorship. The record indicates that a final order appointing Betty as conservator was entered on October 28, 2004; that order is not contained in the record on appeal.
 

 Robert died on December 23, 2004. Pursuant to the terms of Robert’s will, Rebecca and Martin were appointed to be the co-executors of Robert’s estate. Rebecca and Martin (hereinafter together referred to as “the heirs”) were the heirs of Robert’s estate under the terms of Robert’s will.
 

 . On June 3, 2005, Betty filed in the probate court a motion seeking to be discharged as the conservator of Robert’s estate; in support of that motion, Betty submitted an accounting of the conserva-torship assets. The heirs, in their capacities as the co-executors of Robert’s estate (hereinafter “the estate”), filed an opposition to Betty’s motion seeking to be discharged as the conservator. In that opposition, the estate moved for a hearing to be conducted on the accuracy of the accounting and for an order requiring Betty to repay Robert’s estate any amounts not properly expended pursuant to the conser-vatorship.
 

 
 *31
 
 The probate court conducted an ore ten-us hearing on November 11, 2005. On August 10, 2006, the probate court entered a detailed judgment determining that Betty owed the estate $52,251. Betty filed a postjudgment motion. On January 22, 2007, Betty appealed to the Autauga Circuit Court (“the circuit court”). On March 30, 2008, the circuit court purported to enter a judgment affirming the August 10, 2006, probate court judgment. Betty filed a notice of appeal to this court on April 2, 2008. However, because we conclude that the circuit court never obtained jurisdiction over this matter, we must dismiss the appeal.
 

 The Rules of Civil Procedure apply in probate court proceedings.
 
 See
 
 § 12-13-12, Ala.Code 1975. Rule 59, Ala. R. Civ. P., requires that a postjudgment motion be filed within 30 days of the entry of a judgment. The 30th day after the entry of the August 10, 2006, probate court judgment was Saturday, September 9, 2006. Pursuant to Rule 6, Ala. R. Civ. P., when the applicable period ends on a Saturday, Sunday, or legal holiday, the end of the period for computing the expiration of time limitations greater than 10 days under the Rules of Civil Procedure is the first day following the Saturday, Sunday, or legal holiday. Therefore, a Rule 59 post-judgment motion taken from the August 10, 2006, probate court judgment was required to have been filed by Monday, September 11, 2006. However, the date stamp on Betty’s postjudgment motion filed in the probate court indicates that her postjudgment motion was filed on September 12, 2006, 33 days after the entry of the August 10, 2006, probate court judgment. Accordingly, the date stamp on Betty’s postjudgment motion indicates that that motion was not timely filed.
 

 On September 26, 2006, Betty filed a motion in the probate court asking that court to correct the record to reflect that her postjudgment motion actually had been timely filed on September 11, 2006. Betty submitted the affidavit of her attorney in support of her motion to correct the record. In that affidavit, Betty’s attorney stated that he had timely filed the post-judgment motion in the probate court on Monday, September 11, 2006.
 

 The parties treated the postjudgment motion as if it had been timely filed on September 11, 2006, and as if it had been denied by operation of law on December 11, 2006.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. (“A failure by the trial court to dispose of any pending post-judgment motion within [90 days] ... shall constitute a denial of such motion as of the date of the expiration of the period.”).
 
 [1]
 
 Forty-two days later, on January 22, 2007, Betty filed a notice of appeal to the circuit court.
 
 [2]
 

 See
 
 § 12-22-21, Ala.Code 1975 (providing for appeals to the circuit court from probate court judgments);
 
 see also
 
 Rule 4(a), Ala. R.App. P. (providing that appeals be taken within 42 days).
 

 The record, however, indicates that the probate court never ruled on Betty’s motion to correct the record to reflect that the postjudgment motion had been timely filed. The timely filing of a notice of appeal from the probate court to the circuit
 
 *32
 
 court pursuant to § 12-22-21 is a jurisdictional act.
 
 Williams v. Lollar,
 
 8 So.3d 319, 321 (Ala.2008). Betty’s notice of appeal to the circuit court from the probate court’s August 10, 2006, judgment was required to have been filed within 42 days of the entry of that judgment unless the time for taking an appeal was tolled by the timely filing of a postjudgment motion. In this case, Betty’s postjudgment motion from the August 10, 2006, probate court judgment is date stamped as having been filed one day late, and the record indicates that the probate court did not rule on Betty’s motion to correct the record to reflect that the postjudgment motion had been timely filed.
 

 In response to a request by this court, Betty submitted a letter brief in which she alleged that an internal review by the probate court clerk indicated that the postjudgment motion had been timely filed on September 11, 2006. Betty later supplemented her initial letter brief by submitting one page from a transcript of a hearing held in the probate court on the postjudgment motion and on several other motions then pending before that court. That transcript page indicates that counsel for the estate agreed that the post-judgment motion had been timely filed on September 11, 2006. However, that transcript page does not indicate whether the probate court judge agreed that the post-judgment motion had been timely filed. In the absence of a ruling by the probate court, the estate’s acknowledgment that the postjudgment motion had been timely filed is of no effect because subject-matter jurisdiction cannot be conferred by an agreement of the parties.
 
 International Longshoremen’s Ass’n v. Davis,
 
 470 So.2d 1215, 1216 (Ala.1985).
 

 The materials Betty submitted in support of her supplemental letter brief to this court are not part of the record on appeal. Further, nothing in those materials indicates that the probate court ruled that the postjudgment motion had been timely filed, and Betty did not seek to supplement the record on appeal to include the transcript of the postjudgment hearing or any other evidence tending to indicate that the postjudgment motion had been timely filed.
 
 See
 
 Rule 10(f), Ala. R.App. P. (providing for the supplementation or correction of the record on appeal to correctly reflect the proceedings below). Accordingly, the record on appeal does not demonstrate that the postjudgment motion was timely filed in the probate court; rather, the record indicates that that motion was untimely. Therefore, we must conclude that the postjudgment motion did not toll the time for taking an appeal to the circuit court. Betty’s notice of appeal to the circuit court was filed in excess of 42 days after the entry of the August 10, 2006, probate court judgment. Betty’s failure to timely appeal the probate court’s judgment to the circuit court results in the circuit court’s lacking jurisdiction to review the matter.
 
 Williams v. Lollar,
 
 8 So.3d at 321. The absence of jurisdiction renders the circuit court’s purported judgment affirming the probate court’s judgment void.
 
 Id.
 
 A void judgment will not support an appeal to this court.
 
 Jones v. Sears, Roebuck & Co.,
 
 342 So.2d 16, 17 (Ala.1977). Accordingly, we must dismiss the appeal.
 
 Id.; Williams v. Lollar,
 
 supra.
 

 APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . December 10, 2006, the 90th day after September 11, 2006, was a Sunday. Therefore, assuming that the postjudgment motion was timely filed on September 11, 2006, the motion would have been deemed denied on December 11, 2006, the Monday after December 10, 2006,
 
 See Richburg v. Cromwell,
 
 428 So.2d 621 (Ala.1983), and
 
 First Alabama Bank v. McGowan,
 
 758 So.2d 1116 (Ala.Civ.App.2000).
 

 [2]
 

 . Thus, assuming the postjudgment motion had been filed on September 11, 2006, that notice of appeal would have been timely.