THOMPSON, Presiding Judge.
This is the second time these parties have been before this court. In Browning v. Palmer, 4 So.3d 524, 525 (Ala.Civ.App.2008), this court explained the procedural history of the litigation as follows:
“On February 2, 2005, [Larry G.] Browning filed a complaint in the Cov-ington Circuit Court seeking to set aside the December 1, 2003, sheriffs sale of his house and approximately 12.5 acres of real property (‘the property5) to [Steve] Palmer. Browning also sought to quiet title to the property. Palmer answered the complaint, and in August 2005 he added a counterclaim for ejectment. In lieu of a trial, the parties stipulated to the authenticity of numerous documents and submitted stipulated facts to the circuit court.
“On December 20, 2006, the circuit court entered a judgment for Palmer on Browning’s claims. The circuit court also entered a judgment for Palmer on his counterclaim for ejectment, ordered *1250 that Browning be ejected from the property, and ordered Browning to pay Palmer ‘the reasonable rental value of the property from December 1, 2003, in the amount of $14,400.’ Browning filed a postjudgment motion under Rule 59, Ala. R. Civ. P. The circuit court denied that motion on April 6, 2007. Browning filed a timely notice of appeal to this court on May 14, 2007. This court transferred the case to our supreme court due to lack of subject-matter jurisdiction; the case was then transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.”
After considering the appeal, this court reversed the judgment in favor of Palmer on Browning’s claims, holding that although the one-year statute of limitations for setting aside a sale under the redemption statute codified at § 6-5-248, Ala. Code 1975, had expired before Browning sought to set aside the sheriffs sale, the facts of the case warranted the application of § 6-9-147, Ala.Code 1975, which allows a court to set aside a judicial sale when it is satisfied that the sale was “ ‘infected with fraud, oppression, irregularity, or error to the injury of either party.’ ” Browning v. Palmer, 4 So.3d at 527 (quoting § 6-9-147). This court also reversed the judgment in favor of Palmer on his counterclaim. Browning v. Palmer, 4 So.3d at 530. Our supreme court denied Palmer’s petition for a writ of certiorari, and on March 21, 2008, this court issued its certificate of judgment in Browning v. Palmer, supra.
Thereafter, Browning moved the circuit court to enter a judgment in compliance with this court’s opinion in Browning v. Palmer, supra. On November 5, 2008, the circuit court entered a detailed judgment in which it declared the sheriffs sale and the sheriffs deed void, vested title of the property in Browning, and set aside its judgment in favor of Palmer on the counterclaim.
On November 25, 2008, Palmer filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P. In his postjudgment motion, Palmer, pursuant to the redemption statute codified at § 6-5-248 or under equitable principles, sought to recover from Browning approximately $3,000, which represented court costs and certain amounts Palmer claimed to have expended on the property at issue. On December 5, 2008, Browning filed a response opposing Palmer’s postjudgment motion.
The circuit court, on December 12, 2008, issued the following order:
“Upon the order of the Alabama Court of Civil Appeals, it is hereby ordered as follows:
“(1) The December 1, 2003, Sheriffs Sale in this case is hereby set aside.
“(2) The prior judgment in this cause in favor of Steve Palmer on his counterclaim against Larry G. Browning is hereby withdrawn and judgment on said counterclaim is hereby entered in favor of Larry G. Browning and against Steve Palmer.”
On March 9, 2009, Palmer filed a notice of appeal to this court. This court transferred the appeal to the Supreme Court of Alabama for lack of appellate jurisdiction. The appeal was transferred back to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
As an initial matter, we must consider whether the appeal was timely filed and, accordingly, whether this court has jurisdiction to consider the appeal. See Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985) (“The timely filing of a notice of appeal is a jurisdictional act.”). The circuit court entered a judgment in compliance with this court’s opinion in Browning *1251 v. Palmer, supra, on November 5, 2008. On November 25, 2008, within the 80 days allowed by Rule 59, Ala. R. Civ. P., Palmer filed a postjudgment motion. Thereafter, the trial court entered its December 12, 2008, order; that order does not specifically reference the postjudgment motion.
In his statement of jurisdiction contained in his brief on appeal, Palmer contends that the circuit court did not rule on his November 25, 2008, postjudgment motion. Palmer asserts that in entering the December 12, 2008, order, the circuit court “apparently forgot” that it had entered the earlier, November 5, 2008, order, and he asserts that the December 12, 2008, order had no effect. In his statement of jurisdiction submitted to this court, Browning states that he had no explanation for the December 12, 2008, order, “unless it is considered a denial of Palmer’s [post-judgment] motion.”
Palmer has taken the position that the circuit court’s December 12, 2008, order was not entered in response to his November 25, 2008, postjudgment motion and that, instead, the November 25, 2008, post-judgment motion was denied by operation of law on February 28, 2009, 90 days after the filing of the postjudgment motion. See Rule 59.1, Ala. R. Civ. P. (“No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days.”); and Robbins v. Robbins, 945 So.2d 1070, 1072 (Ala.Civ.App.2006) (A postjudgment motion was deemed denied by operation of law when the circuit court failed to rule on it within the 90 days allowed by Rule 59.1, Ala. R. Civ. P.). According to Palmer, he had 42 days from February 23, 2009, or until April 6, 2009, to file a timely notice of appeal. Rule 4(a)(1), Ala. R.App. P.; Robbins v. Robbins, 945 So.2d at 1072 (“The former husband had 42 days from the date that his postjudgment motion was denied by operation of law to file a notice of appeal.”). Thus, Palmer contends that his March 9, 2009, notice of appeal, was timely filed.
However, we have carefully considered the matter, and we can find no explanation for the circuit court’s entry of the December 12, 2008, order other than that it was entered in response to Palmer’s post-judgment motion. The December 12, 2008, order contained, albeit in a more concise format, the same ruling as that set forth in the original, November 5, 2008, judgment. The December 12, 2008, order was entered after Palmer had filed his November 25, 2008, postjudgment motion and after Browning had filed his December 5, 2008, response opposing the post-judgment motion. Both of the trial court’s rulings are contained in written orders in the record, and both are entered, in detail, on the State Judicial Information System (“SJIS”).[1] Thus, we cannot agree with *1252 Palmer that the circuit court “apparently forgot” that it had entered the November 5, 2008, judgment.
The December 12, 2008, order did not grant the relief requested by Palmer in his postjudgment motion; therefore, it constituted a denial of that motion. In order to invoke appellate jurisdiction, Palmer was required to file his notice of appeal within 42 days of the entry of the December 12, 2008, order. Rule 4(a)(1), Ala. R.App. P.; Robbins v. Robbins, supra. The last date upon which Palmer could have timely appealed was January 23, 2009. Palmer filed his notice of appeal on March 9, 2009, and, therefore, the appeal is untimely. “[A]n untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived.” Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App.2006). Because Palmer’s appeal was untimely, this court has no jurisdiction, and the appeal must be dismissed. Rule 2(a)(1), Ala. R.App. P.
Browning’s request for an award of a $1,500 attorney fee is denied.
APPEAL DISMISSED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., dissents, with writing.

. The November 5, 2008, entry on the SJIS reads:
"ORDER; The Sheriff’s sale held 12/1/03, whereby the Deft, Steve Palmer, purchased the Pltf, Larry G. Browning’s, real estate is void, set aside and held for naught. The deed executed by the Sheriff of Covington County, Alabama, Real Property Book 2003, Page 25706, is void, set aside and held for naught and that title to said real estate is divested out of the Deft, Steve Palmer, and vested in the Pltf, Larry G. Browning. The circuit clerk shall within 30 days from the Date hereof file a certified copy of this judgment in the Office of the Judge or Probate of Covington County, Alabama, and the Judge of Probate shall index said judgment under Steve Palmer as grant- or and Larry G. Browning as grantee with costs taxed to the Deft, Steve Palmer. The judgment on the counterclaim in favor of the Deft, Steve Palmer, is reversed and rendered for the Pltf, Larry G. Browning. The costs are taxed against the Deft, Steve Palmer, as provided by Rule 35, Alabama *1252 Rules of Appellate Procedure, for which let execution issue.”
The SJIS entry for the December 12, 2008, order is an exact copy of the written order, which is quoted earlier in this opinion.