PITTMAN, Judge.
Kevin Stober (“the former husband”) appeals from a judgment of the St. Clair Circuit Court holding him in contempt of court for failure to fulfill his postminority-support obligation to his daughter.
In April 2009, Kimberly Brimer (“the former wife”) filed a petition for a rule nisi alleging that the former husband had failed to abide by an April 2007 court order directing him to pay for one-half of *744 up to four years of undergraduate education for the parties’ daughter. The former wife also sought an attorney’s fee. A hearing on the former wife’s petition was held in September 2009, at which the former husband did not appear. In October 2009, the trial court issued a judgment finding the former husband in contempt of court and ordering him to pay one-half of the $14,000 the former wife had expended toward their daughter’s undergraduate education. Additionally, the court ordered the former husband to pay an attorney’s fee in the amount of $2,500 within 30 days of the date of the order.
On November 17, 2009, the former husband filed a motion to vacate the judgment finding him in contempt of court. On December 9, 2009, the former husband filed a “motion to continue” the hearing on his motion to vacate, which the trial court granted the following day. The case was set for a status conference on January 13, 2010. On February 11, 2010, without having ruled on the former husband’s motion to vacate, the trial court scheduled the case for a “final hearing” on February 23, 2010. After conducting a hearing, which began on February 23 and which was continued on other days, the trial court purported to issue a final order on June 17, 2011, again granting the former wife’s petition for a rule nisi. In that order, the trial court directed the former husband to pay a specific (and higher) amount than it had directed him to pay in the October 2009 judgment, although it did give him credit for the financial-support obligations he demonstrated he had fulfilled. The former husband thereafter filed a motion under Rule 59, Ala. R. Civ. P., to alter, amend, or vacate the June 17, 2011, order. The court held a hearing on the former husband’s motion. It denied the motion on August 10, 2011, and the former husband filed this appeal.
Under Rule 59.1, Ala. R. Civ. P., a motion to vacate a trial court’s judgment must be ruled upon within 90 days or that motion is deemed denied by operation of law. Further, Rule 59.1 requires the express consent of all parties in order for the running of the 90-day period to be tolled. In this case, both parties did not expressly consent to stay the running of the 90-day postjudgment period; therefore, the former husband’s original motion to vacate was denied by operation of law on February 16, 2010,[1] and the trial court lost jurisdiction over the case after that point. Harrison v. Alabama Power Co., 371 So.2d 19, 21 (Ala.1979).
The dissent is premised on the conclusion that the February 11, 2010, entry on the trial court’s case-action summary (“the entry”), which set the case for “final hearing” on February 23, 2010, amounted to the rendition of an order granting the former husband’s motion to vacate; relying on the trial judge’s statement made at the beginning of the February 23 hearing that, “for the record,” the judgment previously entered in October 2009 should be set aside and that the parties were “back a square one” because the court intended to conduct a new trial on the merits of the case, the dissent construes the entry as a grant of the former husband’s motion to vacate. We disagree. Despite any intent *745 the trial judge may have had to begin anew by vacating the October 2009 judgment and commencing a new trial, the trial judge nonetheless scheduled a “final hearing” for February 23. As of the date the entry was made, no hearing had been held on the former husband’s motion to vacate because the previously scheduled hearing on that motion had been continued; the parties had only met with the trial judge for a status conference since the former husband’s filing of the motion to vacate. It, therefore, reasonably follows that the trial judge used the term “final hearing” to refer to a hearing on the former husband’s motion to vacate. Though the apparent intent of the trial judge may be a factor properly considered in attempting to interpret ambiguous action taken by a trial judge, we are not presented here with an ambiguity. Indeed, the entry refers to the proceeding the trial judge intended to schedule as a “final hearing ” and does not employ the terms “trial” or “new” or “grant.” There is no reasonable basis for determining that the entry should be construed as doing anything other than setting a hearing on the former husband’s motion. Moreover, because the entry suggests no basis on which to conclude that the trial judge granted the motion to vacate, the only evidence in the record that could possibly prompt one to conclude that the entry was, in effect, a grant of the motion to vacate is the trial judge’s statements at the February 23 hearing; we are not, however, permitted to rely on those remarks because, as noted earlier, the 90-day period during which the trial court could have granted a new trial expired on February 16, 2010. See Starr v. Wilson, 11 So.3d 846, 850 (Ala.Civ.App.2008).
Moreover, even if we were permitted to consider the trial judge’s statements at the February 23 hearing in determining whether the case-action summary included a notation by the trial judge meant to be interpreted as a grant of the former husband’s motion to vacate, there exists no connection between the trial judge’s statements on February 23 and the entry to suggest that the trial judge’s statements support the conclusion that the entry was an implicit grant of the motion to vacate, as is urged by the dissent. In fact, the record reflects the contrary. For example, when the trial judge scheduled proceedings in the matter to be conducted after the February 23 hearing, he identified the proceedings as “completion of testimony,” “case[s],” “trial,” and “bench trial”; the only subsequent proceeding the judge scheduled that was identified as a “hearing” was a hearing scheduled to address a specific issue in the case. The fact that the court held a number of proceedings between February 23, 2010, and August 10, 2011, when the case was purportedly concluded, and identified only one of those proceedings — the only one scheduled to address a specific issue — as a “hearing” is inconsistent with the dissent’s position that the entry implicitly granted the former husband’s motion to vacate and scheduled a new trial. Additionally, even though we are not permitted to rely on the trial judge’s statement at the February 23, 2010, hearing, the judge at that hearing stated that his October 2009 judgment was “hereby” set aside and “we’re back at square one”; those statements were made in the present tense and, thus, indicate that the judge was purporting to grant the motion to vacate and to commence a new trial on February 23, 2010, a week after the 90-day period had expired.
Because the trial court lacked jurisdiction, its June 17, 2011, order was void. See J.B. v. A.B., 888 So.2d 528, 532 (Ala.Civ.App.2004) (“An order entered by a trial court without jurisdiction is a nullity.”). “A void judgment will not support an appeal, and ‘an appellate court must dismiss *746 an attempted appeal from such a void judgment.’ ” Colburn v. Colburn, 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008)). Accordingly, we dismiss the former husband’s appeal and instruct the trial court to vacate any orders entered after February 16, 2010 in this matter.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
MOORE, J., dissents, with writing.

. The 90th day following the former husband's filing of his postjudgment motion on November 17, 2009, was Monday, February 15, 2010, which was a State holiday commemorating George Washington's and Thomas Jefferson’s birthdays. Therefore, the former husband’s postjudgment motion was deemed denied on Tuesday, February 16, 2010. See Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1203-04 (Ala.2009); First Alabama Bank v. McGowan, 758 So.2d 1116 (Ala.Civ.App.2000); and Richburg v. Cromwell, 428 So.2d 621 (Ala.1983).