THOMAS, Judge.
On June 30, 2014, the Calhoun Circuit Court (“the trial court”) entered a summary judgment in favor of Sylvia Curry, Loretta Cuthbert, and Letitia Clark (hereinafter collectively referred to as “the plaintiffs”) on their claims against Ron Gibson and Ron Gibson Construction Company (hereinafter collectively referred to as “Gibson”).[1] Gibson filed a post-judgment motion directed to the summary judgment on July 29, 2014. After a status review, the trial court entered on October 22, 2014, an order stating: “Trial of this matter is hereby set for the week commencing on February 23, 2015, at 9:00 a.m.” The trial court entered a scheduling' order on December 19, 2014. The parties complied with the trial court’s scheduling order even as late as February 3, 2015, but on February 4, 2015, counsel for the plaintiffs informed counsel for Gibson that he believed that the trial court lacked jurisdiction to hold a trial because, in his opinion, Gibson’s postjudgment motion had been denied by operation of law on October 27, 2014.
In response to the plaintiffs’ communication, Gibson filed on February 6, 2015, a Rule 60(b), Ala. R. Civ. P., motion seeking to have the trial court enter an order specifically granting the post-judgment motion. Gibson relied on Rule 60(b)(6) and argued that Gibson was entitled to relief from the operation of the 90-day provision in Rule 59.1, Ala. R. Civ. P., because the trial court had entered an order scheduling a trial, which, Gibson contended, was an implicit grant of the postjudgment motion. Furthermore, Gibson argued, the parties had understood that the postjudgment motion had been granted, as evidenced by their compliance with the trial court’s scheduling order. The trial court granted Gibson’s Rule 60(b) motion on February 11, 2015.
The plaintiffs filed this petition for the writ of mandamus in our supreme court on March 25, 2015; our supreme *1034 court transferred the petition to .this court on April 29, 2015. We called for an answer, which Gibson timely filed. The standard applicable to . the review of a petition for the writ of mandamus- is well settled.
“ “‘[M]andamus is a drastic and'extraordinary writ that will be issued only when there is: (1) a clear légal right in the petitioner to the order sought;' (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Horton, 711 So.2d 979, 983 (Ala.1998).’ ”
Ex parte Builders & Contractors Ass’n of Mississippi Self-Insurer’s Fund, 980 So.2d 1003, 1006 (Ala.Civ.App.2007) (quoting Ex parte Alloy Wheels Int'l, Ltd., 882 So.2d 819, 821 (Ala.2003), overruled on other grounds by Ex parte DBI, Inc., 23 So.3d 635, 657 (Ala.2009)).
In their petition, the plaintiffs seek an order' compelling the trial court to Set aside its order granting the Rule 60(b) motion. They argue that the trial court’s October 22, 2014, order setting the case for trial does not meet the requirement that an order disposing of a postjudgment motion eithér grant or deny that motion. See Ex parte Chamblee, 899 So.2d 244, 248 (Ala.2004); see also French v. Steel, Inc., 445 So.2d 561, 563 (Ala.1984). Thus, they contend, the postjudgment motion was denied by operation of law on October 27, 2014, and, they' say, the trial court lacked a basis for granting the Rule 60(b) motion.
However, the determination whether Gibson’s postjudgment motion was denied by operation of law is not so easily made. Gibson contends that the trial court’s October 22, 2014, order was sufficient to indicate that the trial court was granting Gibson’s, postjudgment motion. The caselaw on the question is not entirely clear.
Certainly,- as the plaintiffs contend, our supreme court has. indicated that an order disposing of a postjudgment motion must either grant or deny the motion, but in Ex parte Chamblee, for example, the trial court had orally stated that it intended to grant the postjudgment mbtibn but had not entered any order ruling on the motion before the expiration of the 90-day period ■set *out in Rule -59.1. Ex parte Chamblee, 899 So.2d at 248. Even after the trial court in Ex parte Chamblee attempted to correct the record to show a timely ruling on the postjudgment motion, the trial court had timely entered an order stating only that the motion ‘“was due to be granted,’” which, according to our supreme court, was still insufficient to qualify as ¿ ruling on the postjudgment motion. Id. Similarly, this court has determined that an órder “ ‘granting] in part’ ” a post-judgment motion and "setting the motion for a hearing was not a ruling on the postjudgment motion as contemplated by Rule 59.1. Eight Mile Auto Sales, Inc. v. Fair, 25 So.3d 459, 462 (Ala.Civ.App.2009). In contrast, this court has determined that an order amending a judgment in a manner requested in a postjudgment motion is, even without reference to the post-judgment motion, a ruling on that post-judgment motion. See Bittinger v. Byrom, 65 So.3d 927, 931 (Ala.Civ.App.2010); BancTrust Co. v. Griffin, 963 So.2d 106, 109 (Ala.Civ.App.2007).
The order in the present case is unlike an order indicating an intent to rule on the motion or an order amending a judgment in a manner requested by a postjudgment motion. Thus, cases like Ex parte Chamblee, Eight Mile Auto Sales, and Bittinger cannot help us to completely resolve the issue whether the October 22, 2014, order setting the case for trial can properly.be construed as an implicit grant of Gibson’s postjudgment motion seeking to have the summary judgment vacated. More -in *1035 structive are two other cases this court.has decided: Palmer v. Browning, 33 So.3d 1249 (Ala.Civ.App.2009), and Stober v. Brimer, 111 So.3d 743 (Ala.Civ.App.2012).
In Palmer, this court considered whether an order entered by a trial court that merely restated, albeit more concisely, the substance of its earlier judgment was,., in fact, a denial of a postjudgment motion directed to the earlier judgment. Palmer, 33 So.3d at 1250. Because the order in Palmer was entered-after the filing of both the postjudgment motion and the response to that motion, the majority of this court could determine no other reason the trial court would have entered the order other than to dispose of -the postjudgment motion, Id. at 1251. Accordingly, we determined that, because the order did not grant any relief sought in, the post-judgment motion, the order had denied that postjudgment motion. Id. at 1252.
In Stober, this court considered the import of a trial court’s order scheduling the case for a “ ‘final .hearing’ the order had been entered after the filing of a husband’s postjudgment motion but before a hearing on that motion. Stober, 111 So.3d at 744. A majority of this court determined that the use of the term "final hearing,” i as opposed to use of the terms “trial,” “new,” or “grant,” indicated that the trial court had intended to set the postjudgment motion for a hearing. Id. at 745, Furthermore, we supported our conclusion with the observation that the trial court had used the term “trial” in orders that had set the case for an adjudication on the merits and that the trial- court had, at the hearing set by the contested order, used the present tense when it stated that “[the earlier] judgment was‘hereby’ set aside and Ve’re back at square one.’ ” Id: Judge Moore dissented, arguing that, based in part on the language of the order and in part on statements made at the later hearing, the trial court had clearly intended to grant the postjudgment motion and had scheduled the entire case.for a trial .on the issues. Id. at 746.
As is often the case, none of the many cases determining whether a particular order satisfies the requirement that an order on a postjudgment- motion either grant or deny the postjudgment motion directly answers the question posed in this case. ' Although' there are some differences, this case most closely resembles Stober. The order in the present case, like the order in Stober, does-not specifically state whether it is granting or denying the postjudgment motion. However, the October 22, 2014, order scheduled a trial in this matter, as opposed to scheduling merely a. “hearing.” Thus, based on Stober, the October 22, 2014, order scheduling the case for a trial should be construed as an order implicitly granting Gibson’s postjudgment motion.
Construing the October 22, 2014, order as an implicit ruling on Gibson’s post-judgment motion is also consistent with our holdings in Bittinger and BancTrust. In fact, in Bittinger, we concluded that an order amending a judgment implicitly granted the postjudgment motion insofar as it amended the judgment in a manner requested by the postjudgment motion but implicitly denied other requested relief not addressed in the amended judgment. Bittinger, 65 So.3d at 931. An order setting a case for a trial on the merits is at least as clear an implicit grant of a postjudgment motion as the failure to grant relief in an amended judgment issued in response to a postjudgment, mqtion is an implicit denial of that motion.
Thus, in light of our decisions in Banc-Trust, Palmer, Bittinger, and Stober, we conclude that the trial court’s order setting the case for trial implicitly granted ■ Gibson’s - motion seeking to vacate the summary judgment. Based on this conclusion, *1036 we further conclude that Gibson’s Rule 60(b) motion was unnecessary. The trial court had timely granted Gibson’s post-judgment motion, and it therefore was not required to set aside any purported denial by operation of law of that same post-judgment motion. Because we have determined that the trial court timely granted Gibson’s postjudgment motion, and because the Rule 60(b) motion was unnecessary, we conclude that the plaintiffs have failed to show a clear legal right to the relief they seek. The petition for the writ of mandamus is therefore denied.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. We note that these parties have been before the court before. See Gibson v. Curry (No. 2120619, August 30, 2013), 166 So.3d 155 Ala.Civ.App.2013) (table).