This case is an attempted appeal from an order which is nonappealable. Therefore, we dismiss.
The case arose out of a judgment rendered in Louisiana against appellant French and other defendants in the Louisiana case. The successful plaintiff in that case recorded the judgment in the Probate Court of DeKalb County. The original defendants filed this suit in DeKalb County to expunge the judgment from the records in the office of the Judge of Probate. The plaintiff/judgment holder in the Louisiana case filed an answer and a counterclaim which sought enforcement of the Louisiana judgment.
This case was assigned to Judge W.G. Hawkins. Judge Hawkins recused himself after hearing the case, and Retired Judge David R. Archer was assigned to complete the matter.
On November 5, 1980, Judge Archer entered an order denying the relief sought by the original defendants in the Louisiana case. He amended this order on November 26, 1980, by awarding the original Louisiana plaintiff a judgment of $30,812.27 against those original defendants. Judge Archer had before him at the time he entered this judgment a duly authenticated copy of the pleadings and orders entered in the Louisiana case. These documents show that French, a defendant in those proceedings, appeared in Louisiana and litigated the issue of jurisdiction in personam in that forum. Therefore, it was apparent and uncontradicted that his defense to the counterclaim in this proceeding was res judicata and constituted a collateral attack on the Louisiana judgment, forbidden by the full faith and credit clause of the Constitution of the United States. Thus, Judge Archer's judgment of November 26, 1980, awarding $30,812.27 in the counterclaim based upon the Louisiana judgment, was correct and final.
Thereafter on December 4, 1980, French moved the court for a new trial or rehearing. The other original defendants filed a motion for new trial on December 12, 1980. On January 19, 1981, the motions for new trial were heard, and the court ordered that the cause be taken under consideration within the next sixty days and that the *Page 563 
parties file all legal briefs and exhibits with the court within thirty days. The motions for new trial were overruled as a matter of law by operation of A.R.Civ.P. 59.1 ninety days after December 12, 1980, i.e., March 12, 1981.*
On April 7, 1981, Judge Archer entered an order purporting to amend, vacate, and void his order and judgment of November 26, 1980. This order was void, because the court had no jurisdiction to enter it.
Steel, Inc., appellee in this present case and plaintiff in the original Louisiana suit, filed a motion on May 1, 1981, to vacate the April 7, 1981, order of the court.
On April 28, 1982, Judge Hobdy G. Rains was appointed to handle this motion, because Judge Archer had moved out of the State of Alabama.
Judge Rains entered an order on January 20, 1983, holding that the court had lost jurisdiction of the cause prior to the entry of Judge Archer's order on April 7, 1981, and that the April 7, 1981, order was of no force and effect; he held that the court was without jurisdiction on April 7, 1981, to make and enter any additional orders which would alter, modify, or set aside the judgment theretofore entered in the cause. He held that Judge Archer's original order, in favor of the defendant (Steel, Inc.), dated November 5, 1980, and amended on November 26, 1980, was a valid order, and that the order entered by Judge Archer on April 7, 1981, was void, and that April 7 order was held for naught. We agree with Judge Rains.
Under A.R.Civ.P. 59.1, no post-trial motion shall remain pending in the trial court for more than ninety days unless it is with the express consent of all parties, which consent shall appear of record, or unless it is extended by the proper appellate court. The rule also states that a failure to rule on such a motion within the ninety-day period shall constitute a denial of the motion as of the end of the ninety-day period.
The court's order of January 19, 1981, did not act to extend the time period set out in A.R.Civ.P. 59.1, and on the expiration of the ninety-day period, the motions for new trial were denied, as a matter of law, and with this denial the jurisdiction of the trial court lapsed, and the time for appeal began to run. This appeal was filed on June 24, 1983.
In his affidavit accompanying this appeal, Judge Archer states that his order of January 19, 1981, was an attempt to grant a motion to reconsider. Rule 4, A.R.A.P., provides that a motion under Rule 59, A.R.Civ.P., will toll the running of the forty-two days for appeal. Rule 59.1, A.R.Civ.P., provides that a motion under Rule 59 for a new trial must be ruled on within ninety days or else it is automatically denied. But the ruling that Rule 59.1 requires to be entered within ninety days is one which (1) denies the motion, or (2) grants the motion. Rule 59.1 does not anticipate, and cannot accommodate, an order within the ninety days by which the judge states an agreement to reconsider the judgment and to decide later whether to grant a new trial. Therefore, Judge Archer's original order, that of November 5, 1980, as amended November 26, 1980, is the valid and final judgment in this case. It is from that judgment that an appeal should have been taken. No appeal was taken from that judgment, and the time for filing such an appeal has lapsed.
No post-trial motions other than the motions for new trial were filed. Therefore, when those motions for new trial were overruled by the operation of Rule 59.1, A.R.Civ.P., the court, as Judge Rains noted, lost jurisdiction. His observation, correct as it is, is not an appealable order. *Page 564 
Therefore, the appeal is due to be, and it hereby is, dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.
* We are not called upon in this case to determine whether the filing of the second motion for new trial on December 12, 1980, started a new ninety-day period for the pendency of French's motion that had been filed eight days earlier. Under the facts of this case, French's appeal would be untimely even assuming the time for ruling on it had begun to run anew upon the filing of the other defendants' motion. Cf., Alabama Farm Bureau Mut.Cas. Ins. Co. v. Boswell, 430 So.2d 426 (Ala. 1983), and Exparte Cleveland Consolidated, Inc., 435 So.2d 1285 (Ala. 1983).