David Wesley Moragne ("the husband") appeals from a judgment of the Etowah Circuit Court divorcing him from Teresa Thomas Moragne ("the wife"). For the reasons stated herein, we dismiss the appeal.
The wife filed a complaint in the trial court in November 2001 in which she sought a judgment divorcing her from the husband and awarding her other relief. After an ore tenus proceeding, the trial court entered a final judgment on August 5, 2002, divorcing the parties, vesting title to various items of personal property in each party, and holding each party responsible for one-half of a particular debt owed to a building-supply company. The judgment further provided that the marital home, which had been titled in both parties' names, was to be sold and that the proceeds of the sale were to be used to satisfy the outstanding mortgage indebtedness on the home, with any remaining profit to be divided equally between the parties; however, each party was permitted to file with the trial-court clerk, within 15 days of the entry of the judgment, an offer to purchase the interest of the other party in the marital home. That judgment was amended sua sponte
on August 8, 2002, so as to award a particular billiard table to the husband. On August 8, 2002, and August 15, 2002, the husband and the wife, respectively, filed offers to purchase each other's rights in the marital home.
On August 19, 2002, the wife filed a motion, pursuant to Rule 59, Ala. R. Civ. P., to alter, amend, or vacate the trial court's final judgment as amended. She contended, among other things, that a portion of certain moneys held in trust for the husband and awarded to the husband in the final judgment should be awarded to her; that the trial court should set a deadline for the husband's payment of the indebtedness on certain personal property; that she should be awarded a judgment against the husband for an amount equal to half the debt the parties owed the building-supply company; and that portion of the judgment providing for the sale of the marital home or for a party's purchase of the other party's interest in that home should be amended to provide that a party desiring to purchase the other party's interest in that home would be required to pay one half of the appraised value of the property. On August 30, 2002, the husband also filed a motion pursuant to Rule 59, Ala. R. Civ. P., contending, among other things, that he should be awarded sole title to the marital home and that he should be awarded possession of all clothing located at the marital home.
Pursuant to Rule 59(e), Ala. R. Civ. P., both the wife's postjudgment motion and the husband's postjudgment motion were timely filed within 30 days after the *Page 1282 
entry of the trial court's amended judgment on August 8, 2002. However, Rule 59.1, Ala. R. Civ. P., provides that no postjudgment motion filed pursuant to Rule 59 shall remain pending in the trial court for more than 90 days unless all parties give express consent on the record to extend that 90-day period or unless that period is extended by an order of the appropriate appellate court. Rule 59.1 also provides that "[a] failure by the trial court to dispose of any pending post-judgment motion within the time permitted" under that rule, "or [within] any extension [of the time permitted under the rule], shall constitute a denial of such motion as of the date of the expiration of the period."
Under Spina v. Causey, 403 So.2d 199 (Ala. 1981), the 90-day period set forth in Rule 59.1 applies separately to each postjudgment motion properly filed by the parties in a civil action. Thus, under Rule 59.1, if the trial court failed to expressly rule on the wife's August 19, 2002, postjudgment motion on or before November 18, 2002,[1] that motion would have been denied by operation of law unless the 90-day period set forth in Rule 59.1 was validly extended. Similarly, absent a valid extension of the 90-day period set forth in Rule 59.1, the husband's August 30, 2002, postjudgment motion, would have been denied by operation of law on December 2, 2002.[2] The appellate record does not show that the parties expressly agreed on the record to extend the 90-day period set forth in Rule 59.1, and this court did not enter an order extending that period.
Despite the provisions of Rule 59.1, the trial court scheduled a hearing on both the wife's postjudgment motion and the husband's postjudgment motion to be conducted on November 22, 2002. However, no hearing on the motions was conducted on that date; had the hearing taken place on that date, it would have occurred four days after the wife's postjudgment motion had been denied by operation of law (although, at that time, the husband's postjudgment motion had not yet been denied by operation of law). The trial court reset that hearing twice, and the hearing did not take place until May 2, 2003, approximately five months after both parties' postjudgment motions had been denied by operation of law under Rule 59.1. Although the trial court purported to enter an order on May 5, 2003, amending its judgment in several respects, that order was a nullity because it was entered after the 90-day period for ruling on the parties' postjudgment motions had expired. E.g., Robinson v. Robinson,840 So.2d 180, 183 (Ala.Civ.App. 2002).
The denial as a matter of law of the parties' postjudgment motions on November 18, 2002, and December 2, 2002, also affect whether this court has jurisdiction to review the trial court's judgment. Under Rule 4(a)(1), Ala. R.App. P., a party generally must file a notice of appeal within 42 days of the date of the entry of the judgment from which the party is appealing. Although Rule 4(a)(3), Ala. R.App. P., provides for the suspension of the running of the time for filing of a notice of appeal *Page 1283 
when a motion pursuant to Rule 59, Ala. R. Civ. P., has been filed, that rule also provides that "[i]f such [a] post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of [that] motion by operation of law." Thus, the time for filing a notice of appeal of the trial court's August 5, 2002, judgment (as amended on August 8, 2002) began to run on December 2, 2002, when the final pending postjudgment motion was denied by operation of law. The final day that a valid notice of appeal could have been filed in this case was, therefore, January 13, 2003, 42 days after December 2, 2002.
The husband filed his notice of appeal on June 10, 2003. Pursuant to Rule 4(a)(1) and Rule 4(a)(3), Ala. R.App. P., that notice, was untimely filed; therefore, we lack jurisdiction to address the husband's appeal. Although the wife has not raised the untimeliness of the husband's notice of appeal, the lack of appellate jurisdiction resulting from the husband's failure to timely file his notice of appeal "cannot be waived"; indeed, "this court can raise the issue ex mero motu." E.g., Carter v.Hilliard, 838 So.2d 1062, 1063 (Ala.Civ.App. 2002); see also
Rule 2(a)(1), Ala. R.App. P. (stating that an appeal shall be dismissed if the notice of appeal is not timely filed to invoke the jurisdiction of the appellate court's jurisdiction). Because we lack appellate jurisdiction, we dismiss the appeal.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
[1] Ninety days from August 19, 2002, is November 17, 2002, which was a Sunday; therefore, the last day for the trial court to enter an order granting or denying the wife's postjudgment motion would have been November 18, 2002. See Rule 6(a), Ala. R. Civ. P.
[2] Ninety days from August 30, 2002, is November 28, 2002, which was Thanksgiving Day, a "legal holiday" under Rule 6(a), Ala. R. Civ. P. Friday, November 29, 2002, was designated as a state holiday by the Governor and was therefore a "legal holiday" that year. See Reed v. Herren, 423 So.2d 139, 141 (Ala. 1982). Because November 30 and December 1, 2002, fell on Saturday and Sunday, respectively, the last day for the trial court to enter an order granting or denying the husband's postjudgment motion would have been December 2, 2002. See Rule 6(a), Ala. R. Civ. P.