PER CURIAM.
 

 Philip A. Smith (“the father”) appeals from a judgment that ordered him to pay postminority support for the benefit of the elder of the parties’ two children, Philip A. Smith, Jr. (“Philip”).
 

 On April 30, 2003, the father and Cynthia R. Smith (“the mother”) were divorced by a judgment that incorporated an agreement of the parties. At the time of the divorce, the father and the mother each were awarded joint custody of the parties’ two children, and the father was ordered to pay $419 in monthly child support. Subsequently, the mother was awarded sole custody of Philip, and the
 
 *1180
 
 father’s child-support obligation was increased to $824 per month.
 

 Although the record does not contain a copy of the pleading in which the mother requested modification of the divorce judgment to provide postminority educational support for Philip, the father concedes in his brief to this court that the mother timely sought such an award of postminority support. The record does contain the father’s answer to the mother’s request for postminority support; that pleading included a request to terminate or reduce his child-support obligation based upon Philip’s having reached the age of majority. At the time of the trial on this matter, the parties’ younger child was 14 years old.
 

 The trial court conducted an ore tenus proceeding on July 30, 2007. Both parents testified and offered documentary evidence material to their respective requests. The mother testified that, during his senior year in high school, Philip had been offered three partial scholarships by three different colleges. She stated that Philip had decided to live at home and attend the University of South Alabama (“USA”), which had awarded him a “Presidential Scholarship” worth $1,250 each regular semester for eight regular semesters; that scholarship was conditioned on Philip’s maintaining a “B” grade-point average and completing a full-time course load each academic year. The mother presented invoices from USA that reflected the costs of Philip’s first year at college; after deducting the scholarship award, the total cost for tuition, books, and fees for the fall, spring, and summer semesters during the 2006-2007 academic year was $5,453.92. The mother also offered copies of USA’s room-and-board-fee schedules that indicated that Philip’s decision to live at home with the mother and to eat meals there had resulted in dormitory-fee savings of between $1,278 and $1,875 each semester and meal savings of $1,115 each semester; in all, the mother stated, Philip had avoided between $2,393 and $2,990 per semester in additional fees.
 

 On July 31, 2007, the trial court entered a judgment that modified the father’s monthly child-support obligation for the younger child to $745, ordered the father to pay the mother the amount of $2,015 as his share of Philip’s expenses for the first year at USA, and ordered the father to pay the amount of $400 per month for the following 36 months as postminority support for Philip. That postminority support was conditioned on Philip’s remaining a full-time student and maintaining a “C” grade-point average.
 

 The father filed a postjudgment motion on August 30, 2007. On September 4, 2007, the trial court entered an order stating: “Motion for new trial filed by [the father] is hereby granted in part. Set for a hearing.” On October 22, 2007, the trial court conducted a hearing to consider the issues raised in the father’s postjudgment motion, but the court did not expressly rule on the postjudgment motion within 90 days after it was tiled, and that motion was automatically denied on November 28, 2007.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. One day later, the trial court purported to deny the father’s postjudgment motion. The father filed his notice of appeal on January 10, 2008, which was 42 days after the trial court had purported to expressly deny his postjudgment motion, but more than 42 days after that motion had been denied under Rule 59.1.
 

 Although neither party has questioned this court’s appellate jurisdiction, a lack of appellate jurisdiction resulting from a party’s failure to timely file a notice of appeal “cannot be waived”; indeed, “this court can raise the issue ex mero motu.”
 
 Carter v. Hilliard,
 
 838 So.2d 1062, 1063
 
 *1181
 
 (Ala.Civ.App.2002), and
 
 Moragne v. Moragne,
 
 888 So.2d 1280, 1283 (Ala.Civ.App. 2004);
 
 see also
 
 Rule 2(a)(1), Ala. R.App. P. (stating that an appeal shall be dismissed if the notice of appeal is not timely filed to invoke the jurisdiction of the appellate court).
 

 Rule 59.1, Ala. R. Civ. P., provides that a postjudgment motion that remains pending for 90 days is deemed denied by operation of law, and the trial court loses jurisdiction to rule on that motion.
 
 See, e.g., Ex parte Davidson,
 
 782 So.2d 237, 241 (Ala.2000). ‘“There are only two methods listed in Rule 59.1 for extending the 90-day period: (1) the express consent of all parties to an extension of the 90-day period, [and] (2) the grant of an extension of time by an appellate court.’ ”
 
 Davidson,
 
 782 So.2d at 241 (quoting
 
 Farmer v. Jackson,
 
 553 So.2d 550, 552 (Ala.1989)). Neither of those methods to extend time were invoked in this case. Moreover, “ ‘the operation of Rule 59.1 makes no distinction based upon whether the failure to rule appears to be “inadvertent [or] deliberate.” ’ ”
 
 Ex parte Chamblee,
 
 899 So.2d 244, 247 (Ala.2004) (quoting
 
 Ex parte Johnson Land Co.,
 
 561 So.2d 506, 508 (Ala.1990), quoting in turn
 
 Howard v. McMillian,
 
 480 So.2d 1251, 1252 (Ala.Civ.App.1985)).
 

 In this case, the trial court timely conducted a hearing on the father’s motion; however, the trial court did not enter an order denying the father’s post-judgment motion until 1 day after the 90-day period set forth in Rule 59.1 had expired. We further note that the trial court’s order entered on September 4, 2007, did not toll the running of the 90-day period, nor was it a “ruling” as contemplated by Rule 59.1. As stated in
 
 Ex parte Johnson Land Co.,
 
 “ ‘the ruling that Rule 59.1 requires to be entered within ninety days is one which (1) denies the motion, or (2) grants the motion.’ ” 561 So.2d at 508 (quoting
 
 French v. Steel, Inc.,
 
 445 So.2d 561, 563 (Ala.1984)). Thus, the trial court’s order ostensibly “granting” the father’s postjudgment motion “in part” but actually only setting the postjudgment motion for a hearing was not a ruling on the merits. To be timely, the father’s notice of appeal had to have been filed on or before January 9, 2008. After reviewing the record and the applicable legal authorities, we must conclude that the father’s notice of appeal, filed on January 10, 2008, was not timely filed so as to properly invoke this court’s jurisdiction.
 

 The mother’s request for an award of an attorney fee on appeal is denied.
 

 APPEAL DISMISSED.
 

 All the judges concur.