MOORE, Judge.
 

 Eight Mile Auto Sales, Inc. (“Eight Mile”), appeals from a judgment of the Mobile Circuit Court denying its motion to alter, amend, or vacate an order of the Mobile District Court (“the district court”) granting a motion to stay a writ of garnishment sought by Eight Mile against Vincent Leon Fair. We dismiss the appeal.
 

 Eight Mile filed a complaint against Fair in the district court on December 13, 2005, claiming possession from Fair of a vehicle and demanding recovery of the vehicle and damages for Fair’s wrongful detention of the vehicle. Fair was served with the complaint on January 11, 2006, and failed to file an answer. The district court entered a default judgment in favor of Eight Mile on February 24, 2006, in the amount of $8,718.77. Eight Mile instituted a garnishment proceeding to enforce its judgment against Fair, and the district court issued a writ of garnishment on June 28, 2006. A process of garnishment was served on Fair’s employer, the Mobile County Public School System, on July 3, 2006. On July 13, 2006, the Mobile County Public School System answered the process of garnishment and agreed to withhold a portion of Fair’s compensation and to pay the required amount into the district court.
 

 By a letter dated July 24, 2006, Eight Mile informed the district court and the Mobile County Public School System that the vehicle had been recovered, that the value of the vehicle is $2,117.83, and that there should be a credit against the garnishment in that amount. On August 7,
 
 *461
 
 2006,an alias notice of garnishment was sent to Fair.
 

 On October 23, 2006, Fair filed a declaration and claim of exemptions, which stated, in pertinent part:
 

 “MY PROPERTY is being claimed as exempt pursuant to Article X, § 204, Alabama Constitution of 1901; Alabama Code, § 6-10-6 (1975), as amended; Alabama Code, § 6-10-7; and Alabama Code, § 6-10-37 (1975), as amended.
 

 “I hereby declare my WAGES (BIMONTHLY) which represent the excess of my wages otherwise exempt from garnishment under Alabama Code, § 6-10-7 (1975) and/or by virtue of the Federal Consumer Credit Act, 15 U.S.C. § 1673, 29 C.F.R. § 870, and Alabama Code, § 5-19-15 (1975), and being $303.50 paid by MOBILE COUNTY PUBLIC SCHOOL SYSTEM.”
 

 Fair claimed $813.50 as his total amount of exemptions, which included 25% of his disposable wages. Fair also filed a motion to stay the writ of garnishment that had been issued on June 28, 2006, and to stay condemnation of any wages withheld pursuant to the writ.
 

 On October 24, 2006, the district court issued a standing order, which stated that Fair’s “declaration and claim of exemption is granted effective fifteen days after the date it was filed in this action unless [Eight Mile] files an objection before that date” and that,
 

 “[i]f [FairJ’s declaration and claim of exemption includes any wages, the court will allow [Fair] to include wages and other personal property with a total aggregate value of $1000.00, computed by including 100% of [Fair]’s after tax wages for the pay period pursuant to § 6-10-7, Code of Ala.l975[,] and
 
 Roberts v. Carraway Methodist Medical Center
 
 [, 591 So.2d 870 (Ala.Civ.App.1991) ].”
 

 Eight Mile filed an objection to Fair’s claim of exemptions on October 30, 2006, and an amendment to the objection on October 31, 2006; Eight Mile asserted that the claim of exemptions was invalid in part. On February 5, 2007, Judge George Hardesty recused himself and the case was reassigned to Judge Judson Wells. Judge Wells entered an order on April 30, 2007, granting Fair’s declaration and claim of exemptions, thereby effectively staying the writ of garnishment. On May 2, 2007, Eight Mile filed a “motion to reconsider and to allow oral argument.” On May 7, 2007, the district court entered an order that stated that the “motion to reconsider and allow oral argument filed by Eight Mile Auto Sales, Inc. is hereby granted in part” and that set the motion for a hearing on June 1, 2007. On June 11, 2007, the district court entered an order “reinstating” the writ of garnishment.
 

 On January 22, 2008, Fair filed a second declaration and claim of exemptions, as well as a motion to stay the writ of garnishment and to stay condemnation of any wages withheld pursuant to the writ. Eight Mile filed a contest of Fair’s second claim of exemptions on January 25, 2008. The district court purported to enter an order on February 6, 2008, granting Eight Mile’s objection. After a hearing on March 18, 2008, the district court entered an order granting Fair’s motion to stay the writ of garnishment on April 21, 2008. Eight Mile filed a motion to alter, amend, or vacate the April 21, 2008, order granting the motion to stay the writ of garnishment; that motion was denied on April 23, 2008.
 

 On April 23, 2008, the district court entered an order stating: “The garnishment having been dismissed in this matter, all money which has been collected and which
 
 *462
 
 is being held ... is to be returned to [Fair].” Eight Mile filed a notice of appeal to the Mobile Circuit Court (“the circuit court”) on April 30, 2008. On December 5, 2008, the circuit court entered an order stating: “By order of court, [Eight Mile’s] motion to vacate, alter or amend the order issued April 21, 2008, granting motion [for] stay of garnishment, denied. Case dismissed. Costs taxed as paid.” Eight Mile filed a notice of appeal to this court on December 17, 2008.
 

 Although neither party has raised an issue regarding this court’s jurisdiction, we may take notice of the lack of appellate jurisdiction
 
 ex mero motu. Kendrick v. Earl’s Inc.,
 
 963 So.2d 676, 678 (Ala.Civ.App.2007);
 
 see also
 
 Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”).
 

 In
 
 Smith v. Smith,
 
 4 So.3d 1178, 1181 (Ala.Civ.App.2008), this court stated:
 

 “Rule 59.1, Ala. R. Civ. P., provides that a postjudgment motion that remains pending for 90 days is deemed denied by operation of law, and the trial court loses jurisdiction to rule on that motion.
 
 See, e.g., Ex parte Davidson,
 
 782 So.2d 237, 241 (Ala.2000). ‘ “There are only two methods listed in Rule 59.1 for extending the 90-day period: (1) the express consent of all parties to an extension of the 90-day period, [and] (2) the grant of an extension of time by an appellate court.” ’
 
 Davidson,
 
 782 So.2d at 241 (quoting
 
 Farmer v. Jackson,
 
 553 So.2d 550, 552 (Ala.1989)). Neither of those methods to extend time were invoked in this case. Moreover, ‘ “the operation of Rule 59.1 makes no distinction based upon whether the failure to rule appears to be ‘inadvertent [or] deliberate.’ ” ’
 
 Ex parte Chamblee,
 
 899 So.2d 244, 247 (Ala.2004) (quoting
 
 Ex parte Johnson Land Co.,
 
 561 So.2d 506, 508 (Ala.1990), quoting in turn
 
 Howard v. McMillian,
 
 480 So.2d 1251, 1252 (Ala.Civ.App.1985)).
 

 “In this case, the trial court timely conducted a hearing on the father’s motion; however, the trial court did not enter an order denying the father’s post-judgment motion until 1 day after the 90-day period set forth in Rule 59.1 had expired. We further note that the trial court’s order entered on September 4, 2007, did not toll the running of the 90-day period, nor was it a ‘ruling’ as contemplated by Rule 59.1. As stated in
 
 Ex parte Johnson Land Co.,
 
 ‘ “the ruling that Rule 59.1 requires to be entered within ninety days is one which (1) denies the motion, or (2) grants the motion.” ’ 561 So.2d at 508 (quoting
 
 French v. Steel, Inc.,
 
 445 So.2d 561, 563 (Ala.1984)). Thus, the trial court’s order ostensibly ‘granting’ the father’s post-judgment motion ‘in part’ but actually only setting the postjudgment motion for a hearing was not a ruling on the merits.”
 

 Rule 59.1(dc), Ala. R. Civ. P., states that Rule 59.1 applies in the district courts, except that the period of 90 days is reduced to 14 days.
 

 In the present case, pursuant to Rule 59.1(de), the district court had 14 days to rule on Eight Mile’s May 2, 2007, “motion to reconsider and to allow oral argument.” On May 7, 2007, the district court entered an order stating that that motion was “granted in part” and setting the motion for a hearing on June 1, 2007. Like in
 
 Smith,
 
 however, the district court’s order merely set Eight Mile’s motion for a hearing; it did not grant any substantive relief or rule on the merits of the motion. Thus, Eight Mile’s motion was deemed denied by operation of law on May 16, 2007. Because the district court was with
 
 *463
 
 out jurisdiction to rule on Eight Mile’s motion, the district court’s June 11, 2007, order, purporting to “reinstate” the writ of garnishment was a nullity. The district court’s April 30, 2007, order granting Fair’s declaration and claim of exemptions was therefore the final judgment in the case. Thus, in order to be timely, Eight Mile’s notice of appeal to the circuit court would have had to have been filed on or before May 30, 2007, i.e., 14 days after its postjudgment motion had been deemed denied by operation of law on May 16, 2007.
 

 Eight Mile argues that because the district court’s April 30, 2007, order granting Fair’s declaration and claim of exemptions was entered without a hearing, in violation of Rule 64B, Ala. R. Civ. P.,
 
 [1]
 
 that order was not final and, thus, the district court maintained jurisdiction to enter its June 11, 2007, order. We disagree. Although Rule 64B does provide for a hearing, we do not agree with Eight Mile that the district court’s failure to conduct a hearing stripped the district court of jurisdiction to enter a final order. Rather, we conclude that the failure to hold a hearing was error that could have been raised in a timely appeal.
 

 Rule 59(g), Ala. R. Civ. P., provides that postjudgment motions “shall not be ruled upon until the parties have had opportunity to be heard thereon.” If, however, no hearing is held and this court determines on appeal that there is no probable merit to such a motion, “it may affirm based on the harmless error rule.”
 
 Palmer v. Hall,
 
 680 So.2d 307, 307-08 (Ala.Civ.App.1996). Thus, the failure to hold a hearing under Rule 59(g) does not prevent a trial court from entering a final judgment. Likewise, the failure to conduct a hearing as contemplated under Rule 64B is not a jurisdictional barrier that deprives the court of jurisdiction to enter a final judgment, but it is error that may be raised in a timely appeal. Because Eight Mile failed to timely appeal the district court’s judgment, we conclude that neither the circuit court’s nor this court’s jurisdiction was properly invoked. Accordingly, all judgments and proceedings in both the district court and the circuit court following the denial of Eight Mile’s post-judgment motion on May 16, 2007, were done without jurisdiction and are void. A void judgment will not support an appeal.
 
 See Hollinger v. Wells,
 
 3 So.3d 216, 221 (Ala.Civ.App.2008). We, therefore, dismiss Eight Mile’s appeal; however, in doing so, we instruct the circuit court to dismiss Eight Mile’s appeal to that court for lack of jurisdiction and to vacate all orders.and judgments entered in that appeal. The circuit court shall further direct the district court to vacate all orders and judgments entered by the district court after May 16, 2007.
 

 APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
 

 THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
 

 BRYAN, J., concurs in the result, without writing.
 

 [1]
 

 . Rule 64B states, in pertinent part:
 

 "The plaintiff ... may contest such claim [of exemption] as in contest after declaration filed, and such contest shall be tried and determined as other contests of claims of exemption are tried and determined. ... If a timely contest of a claim of exemption is filed, the hearing to determine said contest must be initially scheduled within seven (7) calendar days ... after said contest is filed."