THOMAS, Judge.
In March 2015, .Miranda Venturi (“the. mother”) filed a protection-from-abuse (“PFA”) petition in the Lauderdale Circuit Court (“the trial court”). On May 13, 2015, the trial court entered a judgment in the PFA action. On June 11, 2015, Kevin Venturi (“the father”) filed a post-judgment motion directed to the May 13, 2015, judgment. On July 28, 2015, the .trial court entered the following order: “The Motion to Alter, Amend or Vacate filed by the [father] is granted in part. The issue of supervised visitation between the father ... and the minor child is set for a hearing on the 2.4th day of August, 2015, at 8:30 a.m.” The trial court continued the hearing three times; the hearing was ultimately held on December 7, 2015. The trial court’s December 7, 2015, order purporting to deny the relief requested in the'father’s postjudgment motion, entered after that *983 hearing, indicates that the hearing was not an evidentiary hearing and states plainly that the trial court was considering the father’s postjudgment motion.[1] The father filed his notice of appeal on December 21, 2015.
“Although neither party has questioned this court’s appellate jurisdiction, a lack of appellate jurisdiction resulting from a party’s failure to timely file, a notice of appeal ‘cannot be waived’;, indeed, ‘this court can raise the issue ex mero motu.’ Carter v. Hilliard, 838 So.2d 1062, 1063 (Ala.Civ.App.2002), and Moragne v. Moragne, 888 So.2d 1280, 1283 (Ala.Civ.App.2004); see also Rule 2(a)(1), Ala. R. App. P. (stating that an appeal shall be dismissed if the notice of appeal is not timely filed to invoke the jurisdiction of the appellate court).”
Smith v. Smith, 4 So.3d 1178, 1180-81 (Ala.Civ.App.2008).
We have held that an order that does nothing more than indicate that a trial court intends to hold a hearing on an issue raised in a postjudgment motion is not sufficient under Rule 59.1, Ala. R. Civ. P., to amount to a ruling on the motion and does not toll the running of the 90-day period to rule on the motion. Smith, 4 So.3d at 1181. The order entered on the postjudgment motion at issue in Smith read as follows:. “ ‘JVIotion for new trial filed by [the father] is hereby granted in part. Set for a hearing.’ ” Smith, 4 So.3d at 1180. We explained in Smith that, in order to toll the 90-day period for ruling on a postjudgment motion provided in Rule 59.1, a trial court’s order must either grant or deny that motion. Id. at 1181.
“As stated in Ex parte Johnson Land Co., ‘ “the-ruling-that Rule 59.1 requires to be entered within ninety days is one which (1) denies the - motipn, . or (2) grants the motion.” ’ 561 So.2d [506,] 508 [ (Ala.1990) ] (quoting French v. Steel, Inc., 445 So.2d 561, 563 (Ala.1984)). Thus, the trial court’s order ostensibly ‘granting’ the father’s postjudgment motion ‘in part’ but actually only setting the postjudgment motion for a hearing was not a ruling on the merits.”
Id.; see also Eight Mile Auto Sales, Inc. v. Fair, 25 So.3d 459, 462 (Ala.Civ.App.2009) (determining that a district court’s ’order granting a postjudgment motion “in part” was ineffective to toll the running of the 14-day period for the district court to rule on the postjudgment motion, see Rule 59.1(dc), Ala. R. Civ. P. (providing that the time for a district court to rule on a post-judgment motion is 'shortened to 14 days), because the district court’s order “did not grant any substantive relief or rule on the merits of the motion” and instead only set the matter for a hearing).
Because the July 28, 2015, order “granting” the father’s postjudgment motion “in part,” like the order at issue in Smith, did no more than set the supervised-visitation issue raised in the father’s postjudgment motion for a later hearing, we conclude that the trial court’s July 28, 2015, order was not effective1 to toll the ruhning of the 90-day period in Rule 59.1. Thus, the father’s postjudgment motion was denied by operation of law on September 9, 2015, see Rule 59.1, the trial court lost jurisdiction over the action at that *984 time, and its December 7, 2015, order is a nullity. See Robinson v. Robinson, 840 So.2d 180, 183 (Ala.Civ.App.2002).
The father’s appeal was filed more than 42 days after the denial of the father’s postjudgment motion as a matter of law. His appeal is therefore an untimely appeal from the May 13, 2015, judgment. An untimely appeal does not properly invoke this court’s appellate jurisdiction. Smith, 4 So.3d at 1181. Accordingly, we dismiss the father’s appeal.
'APPEAL DISMISSED.-
Thompson, P.J., and Pittman and Moore, JJ., concur.
Donaldson, J., concurs specially.

. The December 7, 2015, order states, in pertinent part:
, “This cause comes before the Court on a Motion to Alter, Amend or Vacate filed by the [father] and the Court having granted the motion in part and having set the visitation of the minor child for a hearing and the Court having listened to the arguments . of the attorneys and having considered the same .... ”
In addition, the transcript of the December 7, 2015, hearing indicates that no witnesses testified and that the trial court heard only arguments of counsel.