DONALDSON, Judge,
concurring specially.
A final judgment was entered May 13, 2015, in favor of Miranda Venturi (“the mother”) and against Kevin Venturi (“the father”). On June 11, 2015, the father filed a timely postjudgment motion titled “Motion to Alter, Amend, or Vacate,” pursuant to Rule 59, Ala. R. Civ. P. The motion challenged the sufficiency of the evidence to support the judgment and evidentiary rulings made by the trial court during the trial. The motion sought the following relief: “[The father] prays that this Honorable Court will alter, amend, or vacate this Honorable Court’s order of May 13, 2015. Should this Honorable Court elect to vacate this Honorable Court’s order of May 13, 2015, [the father] respectfully requests that a new trial be scheduled as soon as possible.”
On June 12, 2015, the father submitted two affidavits in support of his post-judgment motion. On June 19, 2015, the trial court set the father’s postjudgment motion for a hearing to be held on July 20, 2015.
On July 28, 2015, the trial court entered the following order: “The Motion to Alter, Amend or Vacate filed by the [father] is GRANTED in part. The issue of supervised visitation between the father ... and the minor child is set for a hearing on the 24th day of August, 2015, at 8:30 a.m.” (Capitalization in original.)
On August 18, 2015, the mother filed a motion to stay further proceedings in the trial court based on the pendency of another case involving the parties that was scheduled for trial on September 17, 2015. The father filed a response in opposition to the motion to stay. In that response, the father stated: “The upcoming hearing, set for this case on August 24, 2015, at 8:30 a.m. before this Honorable Court, has been set to address a post-trial motion filed by the [father].”
The motion to stay was granted. The hearing contemplated in the July 28, 2015, order was not held until December 7, 2015. No testimony was taken at the hearing. On December 7, 2015, the trial court entered, an order that provides, in pertinent part:
“This cause comes before the Court on a Motion to Alter, Amend or Vacate filed by the [father], and the Court having granted the motion in part and having set the visitation of the minor child for a hearing and the Court having listened to the arguments of the attorneys and having considered the same hereby ORDERS, ADJUDGES and DECREES as follows:
Í. After careful consideration of all the previous testimony, the Court orders that the [judgment] entered on May 13th, 2015, remains in full force and effect. ...”
(Capitalization in original.)
The father filed a notice of appeal on December 21, 2015. The notice of appeal lists May 13, 2015, as the date of the judgment and December 7, 2015, as the date of the order entered on the post-judgment motion.
*985 The May 13, 2015, judgment was entered following a trial conducted without a jury. Rule 59(a), Ala. R. Civ. P., provides, in part:
“A new trial may be granted ... (2) on all or part of the issues in an action tried without a jury .... On a motion for a new trial in an action tried without a jury, the court may open the judgment ..., take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.”
The father’s postjudgment motion sought to alter, amend, or vacate the judgment and a new trial. The July 28, 2015, order of the trial court “grant[ing] in part” the father’s postjudgment motion could be construed as an order vacating a portion of the May 13, 2015, judgment and setting the issue addressed in that portion of the judgment for a new trial as provided in Rule 59(a). That is not, however, how the father construed the ruling, as is reflected in his August 21, 2015, response to the motion to stay and in his brief to this court, in which he states: “A final hearing on [the postjudgment motion] after several continuances, was conducted on the 7th day of December, 2015, with the [trial court] denying the requests for relief pertinent to this appeal.” Likewise, the trial court’s December 7, 2015, order does not appear to construe the July 28, 2015, order as granting the father any relief from the May 13, 2015, judgment. Therefore, I agree that the appeal is untimely because the July 28, 2015, order did not effectively rule on the postjudgment motion so as to affect the father’s time to appeal. Smith v. Smith, 4 So.3d 1178, 1180-81 (Ala.Civ.App.2008).
Moreover, I write to observe that there could be confusion associated with the entry of an electronic order that contains the term “granted” and that is generated within the trial court’s electronic-filing system when the electronic ordelr pertains to a postjudgment motion, especially considering that a typical postjudgment motion seeks multiple forms of relief, including that the judgment be altered, amended, or vacated, and/or that a new trial be granted. To avoid confusion, a ruling by the trial court purporting to grant any requested relief in a timely filed postjudgment motion should, within the time provided by Rule 59.1, Ala. R. Civ. P., specifically alter or amend something in the judgment, specifically vacate all or a portion of the judgment, or specifically state that a new trial is ordered.