Rel: August 30, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

### CL-2024-0081

_____

**Terry White**

**v.**

**Vonda K. White**

**Appeal from Lauderdale Circuit Court
(DR-20-900105)**

LEWIS, Judge.

Terry White ("the former husband") appeals from a December 22, 2023, judgment entered by the Lauderdale Circuit Court ("the trial court") divorcing him from Vonda K. White ("the former wife"). Because

we conclude that the former husband's appeal is from a void judgment, we dismiss his appeal.

Procedural History

On May 19, 2020, the former husband filed in the trial court a complaint seeking a divorce from the former wife, as well as a fair and equitable division of the marital assets and any other relief that the trial court deemed fair and necessary.  On September 14, 2020, the former wife filed an answer to the former husband's complaint, denying the allegations and demanding strict proof thereof.  The trial on the former husband's complaint for divorce was conducted on May 3, 2022, after having been continued several times.  On January 31, 2023, the trial court entered a judgment ("the January 2023 judgment") that divorced the parties and divided the parties' assets.

On February 13, 2023, the former husband filed a postjudgment motion to alter, amend, or vacate the divorce judgment or, in the alternative, to grant a new trial pursuant to Rule 59, Ala. R. Civ. P.  On February 15, 2023, the trial court entered an order ("the February 15, 2023, order") on the former husband's postjudgment motion, which states:

"MOTION TO AMEND filed by [the former husband's attorney] is hereby GRANTED. This case is hereby set for a hearing on September 5, 2023 at 1:30 p.m., Courtroom #4, Third Floor of the Lauderdale County Courthouse, Florence, Alabama."

(Capitalization in original.)

The former wife filed her response to the former husband's postjudgment motion on August 31, 2023. On December 22, 2023, the trial court entered an order that it titled "Corrected Divorce Judgment" ("the December 2023 judgment"). On February 2, 2024, the former husband filed his notice of appeal to this court.

## Discussion

Although neither party has questioned this court's appellate jurisdiction, "a lack of appellate jurisdiction or trial-court jurisdiction cannot be waived and can be raised by an appellate court ex mero motu." Espinosa v. Espinosa Hernandez, 282 So. 3d 1, 11 (Ala. Civ. App. 2019).

Rule 59.1, Ala. R. Civ. P., states:

"No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59[, Ala. R. Civ. P.,] shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. … A failure by the trial court to render an order disposing of any pending

3

<blockquote>
<u>postjudgment motion</u> within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
</blockquote>

(Emphasis added.) Rule 58(a), Ala. R. Civ. P., provides that "[a] judge may <u>render</u> an order or judgment … by executing and transmitting an electronic document to the electronic-filing system." (Emphasis added.) Further, Rule 58(b), Ala. R. Civ. P., states that

<blockquote>
"[a]n order or a judgment need not be phrased in formal language nor bear particular words of adjudication. A written order or a judgment will be sufficient if it is signed or initialed by the judge … <u>and indicates an intention to adjudicate</u>, considering the whole record, <u>and if it indicates the substance of the adjudication</u>."
</blockquote>

(Emphasis added.) In <u>Espinosa</u>, this court explained that

<blockquote>
"In determining whether a judgment indicates an 'intention to adjudicate,' '[w]e are free to review "all the relevant circumstances surrounding the judgment," and "the entire judgment ... should be read as a whole in the light of all the circumstances as well as of the conduct of the parties." <u>Hanson [v. Hearn]</u>, 521 So. 2d [953,] 955 [(Ala. 1988)].' <u>Boykin v. Law</u>, 946 So. 2d 838, 848 (Ala. 2006)."
</blockquote>

282 So. 3d at 13.

In <u>Espinosa</u>, this court concluded that language comparable to the language appearing in the February 15, 2023, order in this case was not sufficient to dispose of a postjudgment motion. 282 So. 3d at 13-4. In that case, the trial court entered an order on November 29, 2010, denying

the mother's request for increased periodic alimony and declaring that the father was not in arrears with respect to his periodic-alimony or child-support obligations. The mother thereafter filed a postjudgment motion to alter, amend, or vacate the November 29, 2010, order, or, in the alternative, to grant the mother a new trial. On March 4, 2011, the trial court signed a handwritten order that stated "'[the mother's] motion to alter or amend [the November 2010 order] of modification of the [June 2004 divorce judgment] is hereby granted. A hearing will be set to determine the exact terms of altering or amending said Order on 3/15/11 at 9:30 a.m.'" Espinosa, 282 So. 3d at 5. However, the March 15, 2011, hearing referenced in that order was never held. Id. at 6.

In holding that the mother's postjudgment motion was denied by operation of law because of the trial court's failure to render an order disposing of her postjudgment motion as required by Rule 59.1, this court explained that

> "The mother's postjudgment motion requested multiple forms of relief from the November 2010 order, and it also requested alternative relief, a new trial. The trial court's March 4, 2011, handwritten entry, however, states only that the trial court was granting the mother's postjudgment motion and setting a hearing to determine what parts of the November 2010 order were to be altered or amended. The handwritten order did not state that the November 2010 order

5

was vacated, that the mother's request for the alternative relief of a new trial was granted, or that the mother's postjudgment motion was denied. Such entries would have indicated a decision disposing of the postjudgment motion in its entirety and would have indicated an 'intention to adjudicate' and 'the substance of [the trial court's] adjudication.' Rule 58(b)[, Ala. R. Civ. P.]. Instead, the March 4, 2011, handwritten order purports to grant the mother's postjudgment motion while simultaneously setting for another time the determination of what portion or portions of the mother's postjudgment motion would be granted or denied. Such language does not reflect the rendition of 'an order disposing of' the postjudgment motion, Rule 59.1, [Ala. R. Civ. P.,] but, rather, indicates the trial court's postponement of the decision on the disposal of the postjudgment motion. To conclude otherwise would permit a trial court to easily evade the limited methods of extending the 90-day period for ruling on a postjudgment motion merely by purporting to grant a motion without any indication as to what decision is being made on the merits of the postjudgment motion."

Espinosa, 282 So. 3d at 14. This court went on to hold that, because the mother's postjudgment motion was denied by operation of law, "the trial court had no jurisdiction to alter, amend, or vacate the November 2010 order or to grant the mother a new trial, and[] the January 2018 order entered by the trial court is void." Id. at 15.

In this case, the former husband's postjudgment motion requested multiple forms of relief from the January 2023 judgment, and it also requested alternative relief in the form of a new trial. However, the trial

6

court's February 15, 2023, order states only that the former husband's postjudgment motion was granted and set the motion for a hearing on September 5, 2023. Because the trial court's order did not state that the January 2023 judgment was vacated, that the husband's request for alternative relief of a new trial was granted, or that the husband's postjudgment motion was denied, it did not reflect the rendition of an order disposing of the postjudgment motion pursuant to Rule 59.1. See Espinosa, 282 So. 3d at 14. Furthermore, "'"[t]here are only two methods listed in Rule 59.1[, Ala. R. Civ. P.,] for extending the 90-day period: (1) the express consent of all parties to an extension of the 90-day period, [and] (2) the grant of an extension of time by an appellate court."'" Smith v. Smith, 4 So. 3d 1178, 1181 (Ala. Civ. App. 2008) (quoting Ex parte Davidson, 782 So. 2d 237, 241 (Ala. 2000), quoting in turn Farmer v. Jackson, 553 So. 2d 550, 552 (Ala. 1989)). However, neither method of extending time was invoked in this case.

The January 2023 judgment adjudicated all pending claims filed by the former husband and the former wife as of that date. Because the trial court failed to render an order disposing of the former husband's postjudgment motion as required by Rule 59.1, that motion was denied

7

by operation of law on May 15, 2023.[1] Thereafter, the trial court had no jurisdiction to alter, amend, or vacate the January 2023 judgment or to grant the husband a new trial, and, therefore, the December 2023 judgment entered by the trial court is void. "'Since a void judgment will not support an appeal, it follows that the appeal is due to be dismissed.'" Espinosa, 282 So. 3d at 15 (quoting Underwood v. State, 439 So. 2d 125, 128 (Ala. 1983)).

## Conclusion

Based on the foregoing, the former husband's appeal is dismissed as it is from a void judgment.

APPEAL DISMISSED.

Hanson and Fridy, JJ., concur.

Moore, P.J., concurs specially, with opinion, which Edwards, J., joins.

---

[1]Since the 90th day from the filing of the husband's postjudgment motion fell on Sunday, May 14, 2023, the applicable date that his postjudgment motion was denied by operation of law would be Monday, May 15, 2023. See Rule 6(a), Ala. R. Civ. P.

MOORE, Presiding Judge, concurring specially.

I agree with the main opinion that the Lauderdale Circuit Court ("the trial court") failed to render an order disposing of the postjudgment motion filed by Terry White ("the former husband") on February 13, 2023, and that the trial court's December 22, 2023, judgment is void. I write specially to note the distinctions between the present case and this court's previous cases concluding that an order had not been rendered in response to a postjudgment motion.

In Espinosa v. Espinosa Hernandez, 282 So. 3d 1, 4 (Ala. Civ. App. 2019), Tamarie Espinosa Hernandez ("the mother") filed a motion to alter, amend, or vacate a judgment entered by the Madison Circuit Court ("the circuit court") or, in the alternative, to grant her a new trial. The mother sought an amendment of the circuit court's judgment based on circumstances that had arisen following the entry of the circuit court's judgment, noting that, if the circuit court refused to amend its judgment based on the new evidence she was presenting in her motion, it must grant her alternative request for a new trial; the mother further asserted that certain portions of the judgment were unsupported by the evidence presented. 282 So. 3d at 5. As stated in Espinosa, the circuit court signed

9

a handwritten order that stated: "[The mother's] motion to alter or amend [the November 2010 order] of modification of the [June 2004 divorce judgment] is hereby granted. A hearing will be set to determine the exact terms of altering or amending said Order on 3/15/11 at 9:30 a.m." Id.

In examining whether the above-quoted order disposed of the mother's postjudgment motion, this court considered Rule 58(a), Ala. R. Civ. P., which provides, in pertinent part, that "[a] judge may render an order or a judgment ... by endorsing upon a motion the words 'granted,' 'denied,' 'moot,' or words of similar import, and dating and signing or initialing it." See Espinosa, 282 So. 3d at 12. This court also considered that portion of Rule 59.1, Ala. R. Civ. P., providing that "[a] failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period." Reading those rules in pari materia, this court considered whether that portion of the circuit court's handwritten order directing that a hearing would be set "'to determine the exact terms of altering or amending said Order'" amounted to a failure by the circuit court to

10

render an order disposing of the mother's postjudgment motion. Espinosa, 282 So. 3d at 12 (emphasis omitted). This court also considered Rule 58(b), Ala. R. Civ. P., which states that

> "[a]n order or a judgment need not be phrased in formal language nor bear particular words of adjudication. A written order or a judgment will be sufficient if it is signed or initialed by the judge ... and indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication."

See Espinosa, 282 So. 3d at 12-13.

In Espinosa, this court also considered our previous holding in Smith v. Smith, 4 So. 3d 1178 (Ala. Civ. App. 2008). 282 So. 3d at 13-14. In Smith, in response to a postjudgment motion filed by the father, the trial court entered an order that stated: "'Motion for new trial filed by [the father] is hereby granted in part. Set for a hearing.'" 4 So. 3d at 1180. In concluding that the "order ostensibly 'granting' the father's postjudgment motion 'in part' but actually only setting the postjudgment motion for a hearing was not a ruling on the merits," Smith, 4 So. 3d at 1181, this court stated, in pertinent part:

> "As stated in Ex parte Johnson Land Co.[, 561 So. 2d 506, 508 (Ala. 1990)], '"the ruling that Rule 59.1[, Ala. R. Civ. P.,] requires to be entered within ninety days is one which (1) denies the motion, or (2) grants the motion."' 561 So. 2d at 508 (quoting French v. Steel, 445 So. 2d 561, 563 (Ala. 1984))."

11

Smith, 4 So. 3d at 1181.

As discussed previously, in Espinosa, the handwritten order at issue indicated on its face that the terms of the order remained to be decided. 282 So. 3d at 5. In Smith, the order at issue granted the postjudgment motion "in part," without indicating the substance of its adjudication. 4 So. 3d at 1180. In other similar cases before both this court and the Alabama Supreme Court, the orders at issue clearly failed to constitute an order expressly granting or denying the postjudgment motions at issue. See Ex parte Johnson Land Co., 561 So. 2d 506, 507 (Ala. 1990) (holding that trial judge's oral statement that he would "'go over the facts and enter an order at a later date'" was not an order granting or denying postjudgment motion); Venturi v. Venturi, 233 So. 3d 982, 98 (Ala. Civ. App. 2016) (holding that order entered granting postjudgment motion in part and setting a hearing was insufficient to constitute an order disposing of the postjudgment order; K.T. v. B.C., 232 So. 3d 897, 898 (Ala. Civ. App. 2017) (holding that order entered granting postjudgment motion in part and setting aside the judgment as a final order, but allowing the judgment's terms to remain in place to determine issues raised in postjudgment motion, was not a ruling on the

12

postjudgment motion); Ex parte Chamblee, 899 So. 2d 244, 248-49 (Ala. 2004) (holding that an entry stating that a postjudgment motion was "due to be" granted did not amount to the rendering or entering of an order granting the motion); and Eight Mile Auto Sales, Inc. v. Fair, 25 So. 3d 459, 462 (Ala. Civ. App. 2009) (holding that order stating that postjudgment motion was "granted in part" and setting the motion for a hearing did not grant any substantive relief or rule on the merits of the motion).

Unlike each of those cases, in the present case, the trial court entered an order on February 15, 2023, that states, in pertinent part: "Motion to amend filed by [the former husband] is hereby GRANTED. This case is hereby set for a hearing on September 5, 2023." Thus, on the face of its order, the trial court expressly indicated its intent to grant the husband's motion to amend the judgment, thereby appearing to comply with the requirement as expressed above in Smith that the ruling either deny the motion or grant the motion. Accordingly, the present case is distinguishable from those cases in which the orders at issue granted the motions "in part" and merely set a hearing on the motions or, like in Espinosa, indicated expressly that the terms of the order remained to be

13

determined. Like in <u>Espinosa</u>, however, the trial court's order in the present case does not indicate the substance of the adjudication. <u>See</u> Rule 58(b).

I cannot interpret that portion of the order setting the case for a hearing as an intent to grant the former husband's alternative request for a new trial because of the language in the order specifically granting the former husband's "[m]otion to amend" and because the order set the case for a hearing, rather than a "final hearing," which language the trial court used consistently in its orders setting the case for a trial on the merits and continuing the dates for that trial. <u>See</u> <u>Stober v. Brimer</u>, 111 So. 3d 743 (Ala. Civ. App. 2012) (Moore, J., dissenting) (concluding that a handwritten notation following a postjudgment motion setting the cause for a "final hearing," considered alongside statements at that hearing, indicated that the postjudgment motion had been implicitly granted and the former judgment set aside). Because the trial court's February 15, 2023, order, like the order in <u>Espinosa</u>, failed to determine the terms of altering or amending the January 31, 2023, judgment, that order failed to sufficiently adjudicate the former husband's postjudgment

14

motion in accordance with Rules 58 and 59.1 of the Alabama Rules of Civil Procedure.

Edwards, J., concurs.