Rel: December 12, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0387

_____

### Stephanie Webb

### v.

### Jefferson County Board of Health and David Hicks, D.O., Health Officer of Jefferson County

### Appeal from Jefferson Circuit Court
### (CV-23-900682)

HANSON, Judge.

Stephanie Webb appeals from a default judgment, a contempt

judgment, and a show-cause order entered by the Jefferson Circuit Court

("the trial court").[1] We dismiss the appeal.

Before we consider the issues presented in the appeal, we must determine whether this court has jurisdiction over the appeal.[2] Richey v. Morris, 389 So. 3d 347, 348 (Ala. 2023); and Denault v. Federal Nat'l Mortg. Ass'n, 284 So. 3d 913, 922 (Ala. Civ. App. 2019) (holding that it is a settled jurisprudential principle that an appellate court must initially consider whether it has jurisdiction to hear and decide an appeal). The timely filing of the notice of appeal is a jurisdictional act. Allen v. Holmes, 439 So. 2d 166 (Ala. Civ. App. 1983); and Thompson v. Keith, 365 So. 2d 971 (Ala. 1978). Rule 4(a)(1), Ala. R. App. P., requires that a notice of appeal be filed within 42 days of the date of the entry of the judgment or the order being appealed. See also Rudd v. Rudd, 467 So. 2d 964, 965 (Ala. Civ. App. 1985). "[A]n untimely filed notice of appeal

_____

[1]The judgments and order were also entered against Derrick Webb. He, however, has not filed an appeal.

[2]Before this appeal was submitted for our review, this court conducted an initial review for appellate jurisdiction and decided to allow the appeal to proceed. Such permission, however, "does not preclude reconsideration of the fundamental question of appellate jurisdiction after an appellate court has had an opportunity to review the record." Smith v. Smith, 919 So. 2d 315, 316 n. 1 (Ala. Civ. App. 2005).

results in a lack of appellate jurisdiction, which cannot be waived." Parker v. Parker, 946 So. 2d 480, 485 (Ala. Civ. App. 2006).

In this case, the trial court entered the default judgment on May 21, 2024, and the contempt judgment on January 31, 2025. Thus, for Webb's appeal of those judgments to be timely, she was required to file her notice of appeal within 42 days of the entry of the May 21, 2024, default judgment and within 42 days of the entry of the January 31, 2025, contempt judgment. Webb did not file a notice of appeal of those judgments until May 20, 2025, which is more than 42 days after the entry of the challenged judgments.

The "lack of appellate jurisdiction resulting from a party's failure to timely file a notice of appeal 'cannot be waived'; indeed, 'this court can raise the issue ex mero motu.' Carter v. Hilliard, 838 So. 2d 1062, 1063 (Ala. Civ. App. 2002)." Smith v. Smith, 4 So. 3d 1178, 1180-81 (Ala. Civ. App. 2008). See also Luker v. Carrell, 25 So. 3d 1148, 1150 (Ala. Civ. App. 2006), rev'd on other grounds, Ex parte Luker, 25 So. 3d 1152 (Ala. 2007); and Kennedy v. Merriman, 963 So. 2d 86, 88 (Ala. Civ. App. 2007). The failure to appeal within the prescribed time is fatal and requires dismissal of the appeal. See Rule 2(a)(1), Ala. R. App. P. (providing that

3

an appeal must be dismissed if the notice of appeal is not timely filed to invoke the jurisdiction of the appellate court); and <u>Kennedy</u>, 963 So. 2d at 88.  Because we lack appellate jurisdiction to address Webb's appeal of the default judgment and the contempt judgment, the appeal, insofar as it relates to those judgments, is dismissed.[3]  <u>See</u> <u>Venturi v. Venturi</u>, 233 So. 3d 982, 983-84 (Ala. Civ. App. 2016); and <u>R.P.M. v. P.D.A.</u>, 112 So. 3d 49, 51 (Ala. Civ. App. 2012).

On July 7, 2025, Webb filed a letter brief in this court indicating that she sought appellate review of a June 2, 2025, order that awarded an attorney fee to the Jefferson County Board of Health.  That order, however, was entered <u>after</u> Webb filed her May 20, 2025, notice of appeal and, consequently, cannot invoke our appellate jurisdiction.

On July 11, 2025, Webb filed another letter brief in this court, arguing that her notice of appeal was timely filed because "[t]he May 2,

---

[3]Considering our lack of appellate jurisdiction, we express no opinion on the issues raised concerning the trial court's jurisdiction and the validity of the challenged judgments. <u>But see</u> <u>Ex parte K.R.</u>, 210 So. 3d 1106 (Ala. 2016) (addressing the issue of a probate court's lack of jurisdiction that was raised in an untimely mandamus petition, despite the petitioner's failure to show good cause for the untimeliness). If Webb wishes to collaterally attack the validity of those judgments, the proper method would be to file in the trial court a motion pursuant to Rule 60(b)(4), Ala. R. Civ. P.

2025, hearing (on the April 24, 2025, contempt order in CV 2023-900687 was the operative final judgment triggering the appeal period." The record includes a show-cause order entered by the trial court on May 2, 2025, which states:

> "Because the Plaintiffs were unable to serve the Defendants with a copy of the SHOW CAUSE ORDER issued by the Court on April 24, 2025, within the deadline set by that Order and because the Defendants failed to appear for the May 2nd Show Cause Hearing set by that Order, the Show Cause hearing is CONTINUED to May 23, 2025, at 10:30 A.M. All Counsel and all unrepresented Parties shall appear before the undersigned at this time.

> "Defendants STEPHANIE WEBB and DERRICK WEBB are ORDERED and DIRECTED to appear personally and show cause why they should not be sanctioned for continuing to operate their restaurant in violation of this Court's ORDER dated May 21, 2024.

> "FAILURE TO APPEAR FOR THIS HEARING MAY RESULT IN THE IMPOSITION OF FINES AND/OR IMPRISONMENT FOR CONTEMPT OF COURT.

> "The Plaintiffs are ORDERED and DIRECTED to cause a copy of this Order to be served upon Defendants STEPHANIE WEBB and DERRICK WEBB by personal service no later than May 19, 2025, and to certify the fact of service no later than May 21, 2025."

(Capitalization in original.) Assuming that Webb has attempted to appeal from the show-cause order (which this court does not hold that she has done), Webb's appeal from that order must nevertheless be

5

dismissed because an appeal from a nonfinal judgment does not invoke this court's jurisdiction. A show-cause order is "[a]n order directing a party to appear in court and explain why the party took (or failed to take) some action or why the court should or should not impose some sanction or grant some relief," see Black's Law Dictionary 1323 (11th ed. 2019), and is not a final judgment. See Foster v. Greer & Sons, Inc., 446 So. 2d 605, 609-10 (Ala. 1984) (recognizing that, for an appellate court to exercise jurisdiction, the appeal must be from a final judgment or from a judgment certified as final under Rule 54(b), Ala. R. Civ. P.); and Sikes v. Kirkland, 415 So. 3d 658, 660-61 (Ala. 2024) ("A final judgment is one that 'conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.' Bean v. Craig, 557 So. 2d 1249, 1253 (Ala. 1990). In other words, a final judgment 'is one that puts an end to the proceedings between the parties ... and leaves nothing further for adjudication.' Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So. 2d 316, 320 (Ala. 2001)."). Thus, Webb's appeal, to the extent that it might seek review of the May 2, 2025, show-cause order, must be dismissed because that order is not a final judgment that will support an appeal. See B.J. v. Calhoun Cnty. Dep't of Hum. Res., 372 So. 3d 1213,

1217 (Ala. Civ. App. 2022) (dismissing an appeal because, "[w]hen a party appeals from a nonfinal judgment, this court does not acquire jurisdiction over the appeal"). S.M. v. C.A., 267 So. 3d 851 (Ala. Civ. App. 2018) (dismissing an appeal because an appeal from a nonfinal order will not invoke an appellate court's jurisdiction); and R.H. v. J.H., 778 So. 2d 839, 841-42 (Ala. Civ. App. 2000).

Because this court does not have jurisdiction, this appeal is dismissed.

APPEAL DISMISSED.

Moore, P.J., and Edwards, Fridy, and Bowden, JJ., concur.